

1

Ivette Rivera
PO Box 2175
Berkeley, California 74702
(510) 506-2719
eastbaymudgal@gmail.com

Pro Se Plaintiff
Ivette Rivera

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

Ivette Rivera

              Plaintiff(s),

    vs.

East Bay Municipal Utility District, a public
agency, Frank Mellon, individually and as Board
Director, Andy Katz, individually and as Board
Director, Lesa McIntosh, individually and as
Board Director, John Coleman, individually and
as Board Director, Katy Foulkes, individually and
as Board Director, Doug Linney, individually and
as Director, William Patterson, individually and as
Board Director, Lynelle Lewis, individually and
as Secretary of the District, Delores Turner,
individually and as Manager of Human
Resources, Richard Jung, individually and as
Manager of Recruitment and Classification,
Michael Rich, individually and as Manager of
Employee Relations, Alexander Coate,
individually and as General Manager, Jylana
Collins, individually and as (former) General
Council, Lourdes Maria Matthew, individually
and as EBMUD Attorney III, Jill Gaskins,
individually and as EBMUD HR Analyst, Ted
Lam, individually and as Maintenance
Superintendent, Phil Kohne, individually and as
Maintenance Manager, Mike Wallis, individually
and as Maintenance Director, AFSCME Local
444, American Federation of State, County and
Municipal Employees, AFL-CIO, AFSCME
Negotiators; Felix Huerta, individually and in his
capacity as AFSCME 444 Business Agent, John
Briceno, Cheryl Franklin, Rueben Rodriguez,
Gerald Hunter, sued in their individual capacity
and official capacity as a state actor representing
AFSCME AFL-CIO or AFSCME Local 444.

                Defendants.

Case Number: C15- 00380-DMR

**FIRST AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF
FOR VIOLATION OF INDIVIDUAL CIVIL
RIGHTS AND LIBERTIES WITH
SUPPLEMENTAL STATE LAW CLAIMS
1. 42 U.S.C. §§ 1981**
     **42 U.S.C. §§ 1983**
     **42 U.S.C. §§ 1988**
**2. 42 U.S.C. §§ 1985**
**3. 42 U.S.C. §§ 1986**
**4. Monell-Related Claims**
**5. Title VII Civil Rights Act/EPA**
**6. Declaratory Relief**


**DEMAND FOR JURY TRIAL**

PLAINTIFFS' VERIFIED COMPLAINT- RIVERA v. East Bay Municipal Utility District, et al.  CASE NO.: C15- 00380-DMR    - 1 -

**Complaint**

1.    This is a civil rights action pursuant to 42 U.S.C § 1983 and Title VII of the Civil Rights Act of 1964 for employment discrimination seeking equitable relief, declaratory relief, equitable restitution, compensatory, punitive damages, other relief to prevent and/or redress the deprivation and retaliatory acts committed by defendants under color of California law of Plaintiffs' rights, privileges and immunities under the United State Constitution.  Defendants have engaged in gender bias and have deprived, retaliated and are threatening to continue to deprive Plaintiff of her constitutional rights.  Specifically, East Bay Municipal Utility District, et al and AFSCME representatives, state actors, in their individual and professional capacities have, under the color of the State of California "Municipal Utility District Act" and the Meyers-Milias Brown Act, denied and interfered with Plaintiff's rights to individual representation, free speech, the right to petition, the right to be free from discrimination and retaliation, and the to equal pay and freedom of association guaranteed by the United States Constitution and the State of California.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

2.    This action arises under the Constitution and laws of the United States, particularly the First, and Fourteenth Amendments to the United States Constitution.  The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1331.

3.    This is also an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 42 U.S.C. Section 2000e, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff by the Constitution of the United States, particularly, the First and Fourteenth Amendments thereto.  The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1343, pursuant to which this Court may grant: a) nominal damages for the violation of Plaintiff's First, Fifth and Fourteenth Amendment rights; b) restitution of salary and fees, due to Plaintiff, and other equitable relief; c) preliminary and permanent injunctive relief from retaliatory actions for exercising her due process rights; and d) reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

4.   This is also a case of actual controversy where Plaintiff is seeking a declaration of her rights under the Constitution of the United States.  Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiff and grant further necessary and proper relief based thereon, including preliminary and permanent injunctive relief, pursuant to Rule 65, FED.R.CIV.P.

5.   **Venue:** Pursuant to 28 U.S.C. § 1391(b) and § 1392, venue is proper in this Court because Defendants reside and or have offices and conducts its business in the judicial district of the United States District Court for the Northern District of California.

6.   **Intradistrict Assignment:**  This case arises in the County of Alameda and, therefore, pursuant to Civil Rule 3-2©, N.D.Cal., should be assigned to the Oakland Division.

**7. Exhaustion Documentation:**

a)   Plaintiff filed a timely EBMUD Government Tort Claim (2014-L-147) and attaches a NOTICE OF REJECTION OF CLAIM as Exhibit 1.

b)   Plaintiff filed a DFEH Complaint (# 247831-105330) against AFSCME 444 and individual officers. Attached is the "Right to Sue" letter dated November 14, 2014, Exhibit 2.

c)   Plaintiff filed a DEFH/EEOC Complaint (DFEH # 555-2014-00723/EEOC # 555201400723) against EBMUD. Attached is the Right to Sue letter dated August 11, 2014.

d)   Plaintiff filed 3 State of California Public Employment Unfair Labor Practice Charges related to events listed in this federal complaint; Ivette Rivera v East Bay Municipal Utility District SF-CE-1208-M, Ivette Rivera v East Bay Municipal Utility District SF-CE-1227-M, (DFR) Ivette Rivera v AFSCME 444 SF-CO-1308-M. PERB does not grant "punitive damages"/State charges are pending.

## PARTIES

7.   Plaintiff, Ivette Rivera is, a Puerto Rican female and was at all times mentioned herein, a supervisor/an individual employed by the East Bay Municipal Utility District ("EBMUD").  As such, she is a "public employee" within the meaning of the Meyers-Milias-Brown Act, Cal. Gov. Code § 3501 (d).

8.   Plaintiff has been held hostage in a bargaining unit represented by Defendant Local 444, American Federation of State, County, and Municipal Employees, AFL-CIO (hereinafter "Local 444")

since 2005.  Plaintiff is not a member of Local 444 and has not been, at any time material hereto, a member of Defendant Local 444, since requesting to resign her membership in September of 2005.

9.   The East Bay Municipal Utility District ("EBMUD") is a "public agency" within the meaning of the Meyers-Milias-Brown Act, Cal. Govt. Code §3501(c).  As such, the municipality is authorized to enter into agreements governing the terms and conditions of Plaintiff's employment, including so-called "organizational security" agreements, with a labor organization which has been certified as the employees' majority representative for purposes of collective bargaining, such as Local 444.  Under the Meyers-Milias-Brown Act, Cal. Govt. Code §3507, the municipality is also authorized to provide orderly procedures for the administration of employer-employee relations between the District and its employee organizations and for resolving disputes regarding wages, hours and other terms and conditions of employment, including the right of employees to represent themselves individually in their employment relations with the District. The Employer-Employee Relations Resolution (EERP) Of The East Bay Municipal Utility District was created to implement the Meyers-Milias-Brown Act, aka, Chapter 10, Division 4, Title 1 of the Government Code of the State of California (Sections 3500, et seq.) and provides a section called "Employee Rights" that includes the right of employees to represent themselves individually in their employment relations with the District

10.  Defendant Directors named in this complaint have legislative powers vested in them by the State of California Municipal Utility District Act. Defendant Board members comprise the legislative body of the District and determine all questions of policy. They supervise and regulate every utility owned and operated by the district, including the fixing of rates, rentals, charges, and classification, and the making and enforcement of rules, regulations, contracts, practices, and schedules, for or in connection with any service, product, or commodity owned or controlled by the district.  They, by resolution, determine and create number and character of positions as are necessary to properly carry on the functions of the district and the authority to establish the appropriate salary, salary range, or wage for each position created and possess the power, by resolution, to abolish any such position.

11.  Defendant Local 444 is a "recognized employee organization" as defined in the Meyers-Milias-Brown Act, Cal. Govt. Code §3501 (b). East Bay Municipal Utility District, at all relevant times mentioned herein, recognized AFSMCE 444 was the exclusive representative for collective bargaining and non-collective bargaining matters for all employees in the relevant bargaining unit. On information

and belief, Defendant Local 444 is an unincorporated association formed and existing under the laws of the Sate of California. Local 444 conducts its business and operations within the State of California. Local 444 conducts its business and operations within the State of California and within the Northern District of California. Upon information and belief, Defendant Local 444 is affiliated with and pays monies to, inter alia, the American Federation of State, Count, and Municipal Employees, and the American Federation of Labor-Congress of Industrial Organizations-Canadian Labour Council ("AFL-CIO-CLC).

12. At all relevant times herein, EBMUD and AFSCME 444 were parties to the Extension of Memorandum Of Understanding Between East Bay Municipal Utility District and Local 444 American Federation Of State, County And Municipal Employees AFL-CIO, April 25, 2011- April 21, 2013.

13. At all relevant times herein, Plaintiff was covered under 2006 EBMUD Civil Service Rules that state; "Rule II- Coverage, Section 2. Exceptions. If any part of the Civil Service Rules should conflict with a Memorandum of Understanding (MOU), the MOU is controlling."

14. At all times applicable herein, Defendant Alex Coate was, and remains, a General Manager of East Bay Municipal Utility District, identified in the EBMUD Employer Employee Relations Policy (EERP) as the Labor Relations Officer, with supervisory responsibility and authority over the Administration Department which includes, in part, the following departments; Human Resources, Employee Relations and Recruitment/Classification. Defendant Coate, at all relevant times mentioned herein, per the MUD Act, has full charge and control, in part, of the administration of the business affairs of the district and had the power to adopt and implement policies governing the conduct of Human Resources staff in relation to the agency's handling of civil service, whistleblowing and employee relations matters.

15. At all times applicable herein, General Council, Jylana Collins, was an individual residing, on information and belief, in Alameda County, and an officer in the Office of General Council, agent, an appointed-by-the-Board employee that reported directly to the East Bay Municipal Utility District Board of Directors. Defendant Jylana Collins is sued herein in both her individual capacity and in her official capacity as an employee of East Bay Municipal Utility District.

16. At all times applicable herein, EBMUD Board Director, Katy Foulkes, was an individual residing, on information and belief, in Alameda County, and a Public Elected Official of East Bay Municipal Utility District.  Defendant Foulkes is sued herein in both her individual capacity and in her official capacity as a retired elected Public Official of East Bay Municipal Utility District.

17. At all times applicable herein, EBMUD Board Director, Andy Katz, was an individual residing, on information and belief, in Alameda County, and a Public Elected Official of East Bay Municipal Utility District.  Defendant Katz is sued herein in both his individual capacity and in his official capacity as an elected Public Official of East Bay Municipal Utility District.

18. At all times applicable herein, EBMUD Board Director, Doug Linney, was an individual residing, on information and belief, in Alameda County, and a Public Elected Official of East Bay Municipal Utility District.  Defendant Linney is sued herein in both his individual capacity and in his official capacity as an elected Public Official of East Bay Municipal Utility District.

19. At all times applicable herein, EBMUD Board Director, Frank Mellon, was an individual residing, on information and belief, in Alameda County, and a Public Elected Official of East Bay Municipal Utility District.  Defendant Patterson is sued herein in both his individual capacity and in his official capacity.

20. At all times applicable herein, EBMUD Board Director, William Patterson, was an individual residing, on information and belief, in Alameda County, and a Public Elected Official of East Bay Municipal Utility District.  Defendant Patterson is sued herein in both his individual capacity and in his official capacity.

21. At all times applicable herein, EBMUD Board Director, John Coleman, was an individual residing, on information and belief, in Contra Costa County, and a Public Elected Official of East Bay Municipal Utility District.  Defendant Coleman is sued herein in both his individual capacity and in his official capacity.

22. At all times applicable herein, EBMUD Board Director, Lesa McIntosh, was an individual residing, on information and belief, in Contra Costa County, and a Public Elected Official of East Bay

1   Municipal Utility District. Defendant McIntosh is sued herein in both her individual capacity and in her

2   official capacity.

3       23. At all times applicable herein, EBMUD Secretary of the District, Lynelle Lewis, was an

4   individual residing, on information and belief, in Alameda County, an appointed by the Board employee

5   that reports directly to the East Bay Municipal Utility District Board of Directors.  Defendant McIntosh

6   is sued herein in both her individual capacity and in her official capacity

7       24. At all times applicable herein, EBMUD General Manager, Alexander Coate, was an individual

8   residing, on information and belief, in Contra Costa County, and an officer, agent, appointed-by-the-

9   Board employee that reports directly to the East Bay Municipal Utility District Board of Directors.

10  Defendant Coate is sued herein in both his individual capacity and in his official capacity.

11      25. At all times applicable herein, EBMUD Manager of Human Resources, Delores Turner, was an

12  individual residing, on information and belief, Alameda County, and a Human Resources officer, agent

13  that reports directly to the EBMUD General Manager. Defendant Turner is sued herein in both her

14  individual capacity and in her official capacity as an employee of East Bay Municipal Utility District.

15      26. At all times applicable herein, Manager of Employee Relations, Michael Rich, was an individual

16  residing, on information and belief, in Contra Costa County, and an officer, agent, and employee of East

17  Bay Municipal Utility District, Department of Human Resources.  Defendant Rich is sued herein in both

18  his individual capacity and in his official capacity as an employee of East Bay Municipal Utility District.

19      27. At all times applicable herein, HR Analyst, Jill Gaskins, was an individual residing, on

20  information and belief, in Contra Costa County, and an officer, agent, and employee of East Bay

21  Municipal Utility District, Department of Human Resources.  Defendant Gaskins is sued herein in both

22  her individual capacity and in her official capacity as an employee and negotiator of East Bay Municipal

23  Utility District.

24      28. At all times applicable herein, Attorney III Lourdes Maria Matthew was an individual residing,

25  on information and belief, in the County of Contra Costa, and an officer, agent, employee (subject matter

26  expert in employment law) of East Bay Municipal Utility District.  Defendant Matthew is sued herein in

27

28

both her individual capacity and in her official capacity as an employee of East Bay Municipal Utility District.

29. At all times applicable herein, Maintenance Superintendent, Ted Lam, was an individual residing, in Contra Costa County, and an officer, agent, and employee of East Bay Municipal Utility District, in the Facilities Maintenance and Construction (FMC) Division. Defendant Lam is sued herein in both his individual capacity and in his official capacity as an employee of East Bay Municipal Utility District.

30. At all times applicable herein, FMC Manager, Phil Kohne, was an individual residing, in Contra Costa County, and an officer, agent, and employee of East Bay Municipal Utility District, in the Facilities Maintenance and Construction Division and a negotiator for EBMUD. Defendant Kohne is sued herein in both his individual capacity and in his official capacity as an employee of East Bay Municipal Utility District.

31. At all times applicable herein, FMC Director, Mike Wallis, was an individual residing, in Contra Costa County, and an officer, agent, and employee of East Bay Municipal Utility District, in the Facilities Maintenance and Construction Division. Defendant Wallis is sued herein in both his individual capacity and in his official capacity as an employee of East Bay Municipal Utility District.

32. At all times applicable herein, Manager of Recruitment and Classification, Richard Jung, was an individual residing, on information and belief, in Contra Costa County, and an officer, agent, and employee of East Bay Municipal Utility District, Department of Human Resources. Defendant Jung is sued herein in both his individual capacity and in his official capacity as an employee of East Bay Municipal Utility District.

33. At all times applicable herein, AFSCME 444 Business Agent, Felix Huerta was an individual residing, on information and belief, in the Contra Costa County, a Business Agent and negotiator for AFSCME Local 444. Defendant Huerta is sued herein in both his individual capacity and in his official capacity as a state actor an employee of AFSCME.

34. Plaintiff is informed and believes and on such basis alleges that each of the above named defendants was and is the agent, employee, principal, or employer of each of the remaining defendants, and/or vice versa. In addition, Plaintiff is informed and believes, and on such basis alleges that the

defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

35. At all times applicable herein, AFSCME 444 officer, Rueben Rodriguez was an individual residing, on information and belief, in Alameda County. Defendant Rodriguez is sued herein in both his individual capacity and in his official capacity as an employee of EBMUD and a negotiator for AFSCME 444.

36. At all times applicable herein, AFSCME 444 steward, Cheryl Franklin was an individual residing, on information and belief, in the Alameda County. Defendant Franklin is sued herein in both her individual capacity and in her official capacity as an employee of EBMUD and a negotiator for AFSCME 444.

37. At all times applicable herein, AFSCME 444 officer, Gerald Hunter was an individual residing, on information and belief, in Alameda County. Defendant Hunter is sued herein in both his individual capacity and in his official capacity as an employee of EBMUD and a negotiator for AFSCME 444.

38. At all times applicable herein, AFSCME 444 officer, John Briceno was an individual residing, on information and belief, in the Alameda County. Defendant Briceno is sued herein in both his individual and in his official capacity as an employee of EBMUD and a negotiator for AFSCME 444.

39. At all times applicable herein, each Director named in this complaint was vested, as an elected official, with the powers vested in them by the State of California Municipal Utility District Act. Plaintiff is further informed and believes and therefore alleges that each Director named in this complaint, at all relevant times mentioned herein, had the power to promulgate and implement policies governing the conduct of East Bay Municipal Utility District in relation to the agency's handling of whistleblowing, civil service and employee relations matters.

40. Plaintiff is informed and believes, and thereon alleges, that each of the above-named defendants was acting under color of law in committing the acts herein alleged, and that in doing the things herein alleged, Defendants, and each of them, were acting within the course and scope of their duties as employees or agents of East Bay Municipal District or as State Actors.

41. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, were the knowing agents and/or alter egos of one another, and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co-defendants, their agents and employees, as more fully alleged herein.  Moreover, all of the Defendants agreed upon, approved, ratified, and/or conspired to commit all of the acts and/or omissions alleged in this Complaint.

## **FACTUAL ALLEGATIONS**

42. Employment relations between the EBMUD and AFSCME 444 are governed by the terms of the Meyers-Milias-Brown Act ("the MMBA"), California Government Code sections 3500 et seq.  The MMBA's express purpose is "to promote full communication between public employers and their employees by providing a reasonable method of resolving disputes regarding wages, hours, and other terms and conditions of employment between public employers and public employee organizations." Cal. Gov. Code § 3500.

43. The EBMUD resolution known as the Employer-Employee Relations Resolution Of The East Bay Municipal Utility District (also known as "the EERP") was enacted to implement Cal. Gov. Code §3500, et seq. by providing orderly procedures for the administration of employer-employee relations between the District and its employee organizations and for resolving disputes regarding wages, hours, and other terms and conditions of employment.

44. MMBA Cal. Gov. Code § 3502, and the EBMUD EERP, Section 4, EMPLOYEE RIGHTS have similar provisions that entitle covered employees to association AND free association rights;

a)  MMBA §3502; "Right to join or abstain; individual representation; Except as otherwise provided by the Legislature, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations.  Public employees also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the public agency."

b)  EERP Section 4. Employee Rights; " Employees of the District shall have the right to form and participate in the activities of employee organizations of their own choosing for the purpose of

representation on all matters of employer-employee relations including but not limited to wages, hours and other terms and conditions of employment. Employees of the District also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the District. No employee shall be interfered with, intimidated, restrained, coerced or discriminated against by the District or by any employee organization because of his exercise of these rights."

<u>Gravamen</u>

45. On January 28, 2014, in front of each Defendant EBMUD Director, Plaintiff requested a response for complaints she raised to board members at 3 previous board meetings (on morning of 12/10/13, afternoon of 12/10/13 and 1/14/14). During those meetings, Plaintiff informed Defendant Board members, the General Manager and General Council, of unconstitutional employment conditions that denied her, and other employees similarly situated, the right to due process and individual association. Plaintiff informed EBMUD Directors, in previous Board meetings, that EBMUD and AFSCME 444 representatives were on notice, <u>during the negotiations period</u>, that each possessed material evidence that she was hired to perform supervisory duties and did so from 2005-2013, but that each refused to exclude her from AFSMCE 444. During aforementioned Board Meetings, Directors were provided emails and information from Plaintiff demonstrating that; EBMUD, AFSCME National, AFSCME Local, Mr. Briceno, Ms. Franklin, Mr. Hunter, Mr. Rodriguez, Mr. Briceno and Business Agent Felix Huerta were on notice from Plaintiff that she wanted to be excluded from AFSCME 444 during the negotiations cycle <u>because she was a supervisor.</u>

46. On January 28, 2014, Defendant Frank Mellon, EBMUD Director, and Defendant Jylana Collins, EBMUD General Counsel, in a public board meeting that was audio taped by EBMUD, informed Plaintiff that she could not petition the EBMUD Board of Directors DIRECTLY for remedy, that she needed to go through her union;

    a) <u>General Counsel, Jylana Collins:</u>
       Yes, I'd just like to say Ms. Rivera, it's not really the roll of the Board of Directors to respond to your particular grievance, and I understand that there is a, you have a disagreement with respect to the revenues, the forms you have been referred to, to process your complaint further. This is your decision, during the public comment, you can present your personal concerns to the Board but this is not the appropriate place for you to demand for the Board to respond to your grievance.

b)  Director Mellon:
I think General Council said it appropriately, but I would point out something to you. There's a collective bargaining agreement here between the District and the unions. It provides for what is called an exclusive remedy.
There's a great book you can look into- it's called, 'How Arbitration Works". Now, I'm a little disappointed that our own manager of employee relations didn't say this directly, but he indicated, as your unions have, that there is a grievance procedure.

Now I'm speaking on my part-myself, not on these board members part, but you are doing what is called resorting to self-help and under the scope of a collective bargaining agreement, that's just plainly ordinary not permitted.

So you, what you need to do is make a decision that, something that this Board can't do, is-you need to decide whether or not you're going to work through your union or not, but this collective bargaining agreement is what the District is party to. The grievance machinery is owned by the "union".

47. Defendant Lewis, Secretary of the District, published EBMUD Human Resources and Legislation Meeting Minutes that stated no one spoke during the Public Comment period. Defendant Lewis was told by Plaintiff that she wanted her public comments on record. Ms. Lewis wrote adjacent to the Public Comment field; "None." Defendant Director McIntosh subsequently ratified the minutes, which concealed Plaintiff's comments; her concerted activity, request for remedy and unfair practices that violate represented employee's freedom of association/right to individual representation rights.

48. At a time known to the District, Defendant Directors Katz, Foulkes, McIntosh, Linney, Patterson, Mellon, General Manager Coate and General Council Collins ratified a sham investigation into Plaintiff's concerns raised at two Board Meetings on December 10, 2013, by appointing Defendants Michael Rich and Delores Turner to respond to Plaintiffs whistleblowing allegations and request for remedy. (Defendants Michael Rich and Delores Turner were implicated in Plaintiff's whistleblowing allegations.)

49. On January 14, 2014, Defendant Delores Turner provided a memo to the Board of Directors saying that she was responding to concerns raised by Plaintiff. In the memo Ms. Turner stated, in part, Plaintiff's supervisor duties would be removed.

50. On the afternoon of January 24, 2014, Defendant Directors; Katz, Foulkes, McIntosh, Linney, Patterson, Mellon, Coleman received an email from Plaintiff that stated she would attend the January 28, 2014 board meeting to find out if they would be responding to her presentations on December 10, 2013

and January 14, 2014.  Defendants received notice that Plaintiff needed a response before proceeding to her next course of action.

51.  On the afternoon of January 28, 2014, Defendant Directors; Katz, Foulkes, McIntosh, Linney, Patterson, Mellon, Coleman at the Board of Directors meeting were informed by Plaintiff that she needed a response from the Board, and that if they couldn't respond, that she would go to the legislature or the Governor's office to see if she would be entitled to a response (from the EBMUD Board).  At this meeting, each Defendant received a folder from Plaintiff with historical documents to support her request for remedy, her concerns and her whistleblowing allegations.

52.  EBMUD subsequently filed incomplete records provided by Plaintiff. Omitted documents were subsequently lost, discarded or destroyed by EBMUD.  EBMUD subsequently destroyed or discarded closed board meeting audio recording(s) of December 10, 2013.

53.  Each Defendant Director, on 1/14/14 and 1/28/14 received documents from Plaintiff that reflected how she petitioned, during the negotiations cycle, EBMUD and AFSCME Local 444 negotiators, AFSCME National, EBMUD, her supervisor, and managers to be excluded from AFSCME 444 because she is a supervisor at EBMUD and wanted to be represented by IFPTE 21.

54.  The following Defendants; Gaskins, Kohne, Briceno, Rodriguez, Huerta, Franklin, Hunter, during 2013 negotiations, knew Plaintiff petitioned EBMUD and AFSCME 444 to be excluded from AFSCME 444 during negotiations, each possessed personal knowledge that Plaintiff is a supervisor, and with no regard for Plaintiff's rights, foreclosed and forfeited Plaintiff's right to due process and the right to be excluded from AFSMCE 444. Gaskins, Kohne, Briceno, Rodriguez, Huerta, Franklin, Hunter.

55.  Defendant Felix Huerta, AFSCME 444 Business Agent, discovered during negotiations that the provision excluding supervisors from paying agency fee dues contractually excluded Plaintiff from paying agency fee dues because she is a supervisor. AFSCME 444, until the signing of the new contract on February 20, 2014, was financially enriched when they accepted Plaintiff's dues from EBMUD knowing she was contractually exempt from paying because she is a supervisor.  Defendant Huerta ensured the provision that exempted supervisors in AFSCME 444 from paying agency fees was removed from the new contract.

56.  On September 30, 2013, Plaintiff asked an AFSCME Steward if she could send documents to support her request to be excluded from 444, to his private email account. She informed the steward that

she did not want to embarrass the union by whistleblowing to the Board, and hoped that he could intervene before negotiations concluded. The AFSCME union steward agreed to review her emails and informed Plaintiff, in part, "we know you're a supervisor" and that "I'll see what I can do." From September 30, 2013 to October 1, 2013, Plaintiff emailed documents and emails to Pangy77@gmail.com, per the shop stewards request.

57. On December 19, 2014, Plaintiff provided Defendant Lam, Plaintiff's supervisor, a copy of the General Grounds Foreman (supervisor) job description. Plaintiff informed Defendant Lam that the job description was the same as her Gardener Foreman Job Description and that there was no way that the District could refuse acknowledging that they hired her to do the supervisor job. Defendant Lam re-iterated that he was instructed to not speak with Plaintiff about her classification concerns by HR staff person Defendant Jill Gaskins. Defendant Lam informed Plaintiff that classification studies are not initiated by employees, that management initiates classification requests and that (Defendant) Mike Wallis and (Defendant) Phil Kohne have not indicated to him that there would be a classification study done. Defendant Lam ended the conversation by stating he would not be speaking with me about the issue until HR approved.

58. Defendant Directors, during board meetings, received from Plaintiff a copy of Employee Relations Manager, Mike Rich's two responses to her classification concerns; "This situation appears to be a dispute between you and your union and I'm concerned that your forwarding these e-mails to me could be construed as some form of collaboration between you and the District in the context of that dispute. For the record, the District and AFSCME, Local 444 discussed the disposition of several job classifications, including Gardener Foreman, at the time that the IFPTE, Local 21 bargaining unit was set up several years ago. The parties (AKA the District, IFPTE, Local 21 and AFSCME Local 444) reached an understanding as to which job classifications would be in which bargaining unit at that time and that understanding has been, and continues to be, maintained...The process is self-explanatory. I have no additional insights to offer....However, if what you are saying is accurate, then I would reiterate my observation that this appears to be a dispute between you and your union, and as the Manager of Employee Relations I have no role in adjudicating such a dispute."

59. Defendant Directors neglected to prevent the abridgement of Plaintiff's rights to be free from arbitrary government action, free from discrimination, free to petition, to engage in concerted activity and free association by ratifying the unfair practices, customs and policies mentioned in this complaint.

### FIRST CAUSE OF ACTION
**(Violation of Civil Rights Pursuant to 42 U.S.C. § 1981, 1983, 1988)**
**Violation of First Amendment Free Speech and Association Rights**
**Against All Defendants.**

60. The foregoing allegations are incorporated as if re-alleged herein.

61. The individually named Defendant Board members have violated Plaintiff's First Amendment rights to speech, association and petition by ratifying the unconstitutional employment conditions that abridged Plaintiff's right to report and have investigated abuse of authority complaints at EBMUD, without union intervention, the right to petition her employer and local government for remedy for the agency practice of denying her due process for her classification complaints without union intervention, the right to be free from discrimination and to be free from association. By their conduct, as described herein, the individually named Defendant Board members, in their personal and professional capacities, are liable for violation of 42 U.S.C. Section 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

62. Defendants, and each of them, by granting AFSCME 444 and other unions the right to exclusively represent their unit members, for non-contractual complaints, have significantly infringed on Plaintiff's, and other employee's, fundamental liberty rights (free speech, right to petition and freedom of association), which is protected by the First and Fourteenth Amendment to the United States Constitution.

63. As a consequence of the individually named Defendant Board members' actions, Plaintiff has suffered violations of her First and Fourteenth Amendment rights to free speech, association and petition. Plaintiff is in a state of perpetual fear that she will again be subject to similar unlawful acts by the individually named Board Members, sans retired Katy Foulkes, (who was replaced on the Board by Marguerite Young) for the unlawful purpose of limiting and preventing her from engaging in protected First Amendment activities.

64. Plaintiff has suffered and will continue to suffer, great and irreparable harm as a result of the individually named Defendants' conduct and oppressive conduct intended to chill her exercise of constitutionally protected speech and associational rights. East Bay Municipal Utility District employees

fear the Board's power, under the Municipal Utility District Act, to eliminate positions.  The Board of Director's inaction and ratification of acts of retribution against Plaintiff for exercising her First Amendment Rights have served to oppress employees wishing to exercise their right to speech, in this case, whistleblow, is "clearly established" such that a reasonable employee or public official in defendants' situation would know it is unlawful to ratify a sham investigation or to coherse her into filing a grievance without regard of Plaintiff's due process rights.  In addition, there is a clearly established due process right not to be subjected to the oppressive government action of deliberately fabricating or destroying government records to conceal practices and policies that violate the constitutional rights of individuals, such that a reasonable government employee in the situation of the Defendants would know it's wrong to lie, fabricate government documents, and destroy evidence, as it is well-established to be a violation of 42 U.S.C. § 1983, as set forth in state and federal law. Requiring the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property,' the Due Process clause promotes fairness in such decisions.

65.  Commencing in approximately February 2013, and continuing until the present time, Defendants, and each of them, were acting under color of state law when they acted, agreed and/or conspired to unlawfully investigate, and make false reports resulting in the refusal to exclude Plaintiff from AFSCME Local 444.  Defendants, and each of them, did so without proper justification or authority, and without probable cause.  Further, Defendants' actions were taken with deliberate indifference to Plaintiff's rights, and without regard to the truth or falsity of the evidence presented to the Board of Directors on December 10, 2013.

66.  Defendants, and each of them, maliciously conspired to violate the civil rights of Plaintiff, including violation of Plaintiff's rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, denying her petition rights; misrepresenting her due process rights; misrepresenting the authority of the Board, the union and the District, during negotiations, to adjudicate her concerns.

67.  Defendant Directors Mellon, Katz, Foulkes, Coleman, Patterson, Linney and McIntosh breached their duties and obligations to Plaintiff including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with

Constitutional safeguards; and by permitting Defendant Turner, Rich, Jung, Lam, Kohne, Wallis, Matthew, Coate, Collins, Briceno, Huerta, Franklin, Hunter, Gaskins, Lewis, to engage in the unlawful and unconstitutional conduct as herein alleged.

68. By these actions, Defendants, and each of them, interfered and/or attempted to interfere with Plaintiff's constitutional rights under the Fourteenth Amendment, as well as those rights under applicable California Law rising to the level of a constitutionally protected right.

69. As the direct and proximate result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at trial.

70. On information and belief, all Defendants acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard to the rights of Plaintiff in a despicable, vile and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

## SECOND CAUSE OF ACTION

### (Violation of 42 U.S.C. § 1985)

### Against All Defendants

71. Plaintiff re-alleges paragraphs 1-71 and incorporates them herein as though fully set forth. Defendants, and each of them, acting under color of state law, conspired to deprive, and did deprive, Plaintiff of her rights under the laws of the United States.

72. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have significantly infringed on Plaintiff's fundamental right of free speech, freedom of association, freedom from discrimination, the right to petition her government for remedy and the right to equal pay, which is protected by the Fourteenth Amendment to the United States Constitution.

73. Plaintiff is informed and believes, and thereon alleges that the right to petition/free speech, to be free from discrimination and freedom of association under the Fourteenth Amendment is "clearly

established" such that government employees, state actors and public officials in defendants' situation would know it is unlawful to engage in government oppression and discrimination without good cause.

74. In addition, there is a clearly established due process right not to be subjected to a sham investigation and retaliation after whistleblowing to a government body and stating that liberty rights are being abridged, not only for the individual, but for others similarly situated. The Defendants deliberately ratified the concealment of Plaintiff's concerted activity from government records (Board Meeting Minutes, responses to her Plaintiff's allegations) such that a reasonable public official, supervisor, manager, state actor and human resources staff person in the situation of Delores Turner, Mike Rich, Alex Coate, Lynelle Lewis, Frank Mellon, Andy Katz, Lesa McIntosh, Jylana Collins, Felix Huerta, John Briceno, Gerald Hunter, Rueben Rodriguez, Cheryl Franklin would know it is wrong to lie, and delegate the non-delegable right of individual representation and free speech to a union.

75. The conduct of Defendants, and each of them, interfered with Plaintiff's rights, including the right to due process and free speech and to be free from government interference as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

76. Defendants, and each of them, engaged in said conspiracies for the purpose of depriving Plaintiffs of equal protection of the laws of the State of California and of the United States, and depriving them of their rights under the Constitutions of the United States and the State of California. Plaintiff is informed and believes, and thereon alleges, that said conspiracy deprived Plaintiff of equal protection of the laws based upon her sex, and that Defendants and each of them favored the District's custom of excluding supervisory foremen from AFSCME 444, during negotiations, because they were ALL male.

77. Defendants, and each of them, took several acts in furtherance of the conspiracy, including but not limited to, acting, agreeing and/or conspiring to unlawfully make false reports to the Board and EBMUD to represent Plaintiff was not interfered by the union, and that she forfeited her grievance rights.

78. Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourth Amendment that protect against unreasonable seizure (union dues she was contractually unobligated to pay), and those under the Due Process Clause of the Fourteenth Amendment, which has been interpreted to protect the fundamental liberty interest of free association.

79. As the direct and proximate result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to

proof at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at trial.

80. On information and belief, all Defendants, in their personal capacity, excluding the municipality, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard to the rights of Plaintiff in a despicable and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing all defendants and to deter them and others in the future.

### THIRD CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1986)

81. Plaintiff re-alleges paragraphs 1-80 and incorporates them herein as though fully set forth.

82. All Defendants, maintain, and at all times relevant to this Complaint maintained, customs and practices which were the driving force behind their conspiracy to interfere with Plaintiff's civil rights in violation of 42 U.S.C. section 1985, discussed in paragraphs 61 through 81, above. Such customs and practices include refusal to allow represented employees to have their complaints adjudicated through EBMUD without union intervention; censuring complaints, censuring complaints to conceal wrongdoing, not processing complaints and destroying or misplacing evidence, preparing and presenting false reports for board meetings and of grievance handling, all in violation of the right to due process under the Due Process Clause of the Fourteenth Amendment.

83. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have significantly infringed on Plaintiff's fundamental right to be free from discrimination, the right to due process, to be free from association, the right to speak freely and petition her government for remedy, which is protected by the Fourteenth Amendment to the United States Constitution.

84. Plaintiff is informed and believes, and thereon alleges that the right to free association guaranteed under the Fourteenth Amendment is "clearly established" such that a reasonable government employee or agent in defendants' situation would know it is unlawful to deny an individual's right to petition and a work environment free from discrimination without good cause.

85. Defendants and each of them, including Board Directors, EBMUD representatives, AFSCME 444, and State Actors have, and at all times relevant to this complaint had, knowledge of the customs and

1   practices that led to the conspiracy to interfere with Plaintiff's civil rights.  Board Directors, Foulkes,

2   Katz, Linney, McIntosh, Coleman, Patterson, General Manager Coate knew that the other individual

3   defendants Mellon, Collins, Matthew, Turner, Rich, and Huerta were conspiring to commit the wrongs

4   noted above, and were going to commit them.

5       86. Defendants, and each of them, had the power to prevent the commission of these wrongs, through

6   the notification of the proper authorities, and/or through the implementation of policies, procedures, and

7   training programs that would educate and enlighten employees as to the civil rights of the citizens of the

8   United States and the State of California.

9       87. Despite their knowledge, Defendants, and each of them, refused or neglected to prevent the

10   remaining Defendants from committing these wrongs in violation of 42 U.S.C. section 1985.

11       88. Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United

12   States, including those under the Fourteenth Amendment that protect the right to free association, to

13   petition, to be free from discrimination, government oppression, free speech and to be free from

14   retaliation.

15       89. Plaintiff is informed and believes, and thereon alleges, that said conspiracy deprived Plaintiff of

16   equal protection of the laws based upon her sex, and that Defendants and each of them ratified the

17   EBMUD practice of allowing only male AFSCME Union members that are supervisors to be excluded

18   from 444 during an MOU negotiation cycle. In particular, and among other things, Plaintiff is informed

19   and believes, and thereon alleges that Plaintiff's injuries were the direct and proximate result of the

20   actions of Defendant Frank Mellon, Jylana Collins, General Manager Coate, Delores Turner, Mike Rich,

21   Defendant AFSCME representatives/negotiators and EBMUD representatives/negotiators which

22   Defendant Directors; Foulkes, Katz, Linney, McIntosh, Coleman, Patterson, and each of them could have,

23   collectively, through reasonable diligence, prevented aforementioned acts.

24       90.  As the direct and proximate result of these Defendants' actions, Plaintiff has suffered, and will

25   continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to

26   proof at trial.  Plaintiff has also incurred, and will continue to incur, attorneys fees, costs and expenses,

27

28

1   including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at

2   trial.

3                              **FOURTH CAUSE OF ACTION**

4                              **(Monell-related Claims)**

5                              **Against all Defendants.**

6      91.   Plaintiff re-alleges paragraphs 1-90 and incorporates them herein as though fully set forth.

7      92.   Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have

8   significantly infringed on Plaintiff's fundamental right to be free from discrimination, the right of free

9   speech, free association and the right to petition, which is protected by the Fourteenth Amendment to the

10  United States Constitution.

11     93.   Plaintiff is informed and believes, and thereon alleges that the right to right of free speech, free

12  association and the right to petition, under the Fourteenth Amendment is "clearly established" such that a

13  reasonable public employee or officials in defendants' situation would know it is unlawful to abridge an

14  employee's liberty rights to free association, due process, free speech and right to petition.  In addition,

15  there is a clearly established due process right not to be subjected to whistleblower retaliation.

16  Defendants would know it is wrong to lie, fabricate evidence, and suppress evidence, as it is well-

17  established to be a violation of 42 U.S.C. § 1983, as set forth in state and federal law.

18     94.   Defendants, EBMUD, Frank Mellon, Andy Katz, Katy Foulkes, Doug Linney, William Patterson,

19  Lesa McIntosh, John Coleman, Alex Coate, Michael Rich, Delores Turner, Jylana Collins, Jill Gaskins,

20  Maria Lourdes Matthew, John Briceno, Rueben Rodriguez, Cheryl Franklin, Gerald Hunter, Felix Huerta,

21  Ted Lam, Phil Kohne, Mike Wallis, Richard Jung, including through their respective entities, AFSCME

22  AFL-CIO, Local 444, established and/or followed policies, procedures, customs, and/or practices

23  (hereinafter referred to collectively as "policy" or "policies") which policies were the moving force

24  behind the violations of Plaintiff's constitutional rights, including those under the Fourteenth

25  Amendment, by, but not limited to:

26

27

28

a) The policy, under the color of the California Municipal Utility District Act, of denying employees the "Employee Rights" in Section 4 of the East Bay Municipal Utility District Employer-Employee Relations Resolution and the Meyers-Milias-Brown Act, Government Code 3502;

b) The practice and custom of violating the California Municipal Utility District Act, Chapter 4, Civil Service System, Article 2. Appointments, 12101. "All appointments under the civil service system shall be made for the good of the public and solely on the basis of integrity, character, merit, fitness, and industry as <u>established by appropriate competitive tests, without regard to partisan, political, social, or other considerations,</u> and shall be made form lists of eligible prepared by the general manager.

c) The policy of using trickery, duress, fabrication and/or false information, and in failing to disclose evidence, in preparing and presenting reports and documents, causing an interference with Plaintiff's rights, including those as to free association, free speech, petition, and to be free from whistleblower retaliation;

d) By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourteenth Amendment, when performing actions related to complying to investigation proceedings that involve discrimination, unconstitutional condition or whistleblower complaints;

e) The policy, practice, or custom of making knowingly false representations of statutory law and due process rights covered under the constitution, specifically stating that Plaintiff and represented employees similarly situated, are engaging in "self-help" when petitioning the EBMUD board for remedy; that they are bound to an "exclusive" remedy and that remedy is covered in the collective bargaining agreement.

f) The custom, policy, and or practice of fraudulently misrepresenting whistleblowing complaints as matters of private concern.

g) The custom, policy, and or practice of fraudulently misrepresenting there is no administrative remedy or process for addressing non-contractual workplace complaints.

h) The practice of ONLY allowing male supervisors in foreman classifications, represented by AFSMCE 444, to be excluded from AFSCME during negotiations.

i) The practice of DENYING Plaintiff, a woman supervisor in a foreman classification, represented by AFSMCE 444, the right to be excluded from AFSCME during negotiations.

(This list is not exhaustive due to the pending nature of discovery and the privileged and protected records with-held by EBMUD from CPRA requests. Plaintiff reserves the right to amend this pleading as more information becomes available.)

95. Defendants, EBMUD representatives and AFSCME state actors including through their respective entities, breached their duties and obligations to Plaintiff including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting the EBMUD Board of Directors named in this complaint, their agents, AFSCME 444, Business Agent Felix Huerta to engage in the unlawful and unconstitutional conduct as herein alleged.

96. Defendants knew, or should have known, that by breaching the above-mentioned duties and obligations that it was foreseeable that they would, and did, cause Plaintiff to be injured and damaged by their wrongful policies, or deliberate lack thereof or deliberate indifference to the need for such policies and/or training, and other acts as alleged herein, and that such breaches occurred in contravention of public policy and their legal duties and obligations to Plaintiff; and that such policies would subject them to injunctive relief which Plaintiff asserts herein.

97. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, were at all relevant times aware that they were ratifying false documents or reports which fraudulently misrepresented Plaintiff's whistleblowing allegations, and her petition for a remedy to compensate her for the unfair labor practices at EBMUD that abridged her Fourteenth Amendment rights. Plaintiff is further informed and believes, and thereon alleges, that Defendants and each of them at all relevant times were on notice knew that Defendants were deliberately indifferent to the need to train and/or supervise its employees adequately, leading to the deprivation of the plaintiff's right to present her unfair labor practice

complaint, directly to her employer, in violation of the Fourteenth Amendment to the United States Constitution, and that the wrongdoing was not an isolated incident.

98. These actions, and/or inactions, of Defendants are the moving force behind, and direct and proximate cause of Plaintiff's injuries, as alleged herein; and as a result, Plaintiff has sustained general and special damages, to an extent and in an amount to be proven at trial. In addition, Plaintiff has incurred, and will continued to incur, attorneys fees, costs, and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

**Fifth CAUSE OF ACTION**
**Title VII Civil Rights Act/EPA**

99. Plaintiff re-alleges paragraphs 1-98 and incorporates them herein as though fully set forth.

100.        Defendants, EBMUD representatives and AFSCME state actors failed to remove me from AFSCME 444, so that I could be properly classified and compensated as supervisor. They retaliated against me by not processing my complaints.

101.        Defendants discriminated or assisted others in discriminating against me because of my gender. These actions, and/or inactions, of Defendants are the moving force behind, and direct and proximate cause of Plaintiff's injuries, as alleged herein; and as a result, Plaintiff has sustained general and special damages, to an extent and in an amount to be proven at trial. In addition, Plaintiff has incurred, and will continued to incur, attorneys fees, costs, and expenses, including those as authorized by § 42 U.S.C. Section 2000e, to an extent and in an amount subject to proof at trial.

**SIXTH CAUSE OF ACTION**

**(Declaratory Relief)**

**(Against All Defendants)**

102. Plaintiff re-alleges paragraphs 1-99 and incorporates them herein as though fully set forth. As stated herein, Plaintiff, as a citizen, a Puerto Rican, gay woman and individual, is protected by the laws of the State of California, as well as those of the United States Constitution, including the Fourteenth Amendment thereto.

103. As stated herein, Defendants, and each of them, have wrongfully, unlawfully, and with deliberate indifference to the rights of Plaintiff, and with utter disregard of Defendants' duties and

obligations to Plaintiff, acted, practiced and/or adopted policies, practices, procedures and/or customs which are in violation of the rights of Plaintiff, including those to be free from government oppression and interference, employment discrimination, the abridgment of the right to petition, free speech, and freedom of association.

104.  Defendants, and each of them, have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and Plaintiff is informed and believes, and on that basis alleges, that presently Defendants have not changed or modified such actions, conduct and/or policies to conform to law.

105.  Defendants', and each of them, wrongful and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of this Court, will cause, and continued to cause, great and irreparable injury to Plaintiff, and other individuals and citizens, in that Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under state and federal law, including those under the Fourteenth Amendment as alleged herein above.

106.  Plaintiff has no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order enjoining and prohibiting Defendants from, but not limited to, the following:

    a)  The policy of refusing to allow employees to petition their employer for individual employee rights guaranteed under the East Bay Municipal Utility District Employer-Employee Relations Resolution and the State of California Meyers-Milias-Brown Act;

    b)  The Policy of violating GC 1102.5 and Government Code

    c)  The policy of refusing to allow employees to access to a District Complaint Procedure that allows all employees the right to file a complaint or grievance on any condition of employment.

    d)  The policy of excluding the EERP from the District-wide electronic Policy list. Electronic posting of Policies and Procedures is the standard practice in relaying this information to employees.

    e)  The policy of using trickery, duress, fabrication and/or false information and/or records, and in failing to disclose employee statutory and federally protected rights, in preparing and presenting

contracts and/or reports, causing an interference with Plaintiff's rights, including her free association right, right to petition, the right to individual representation, the right to free speech and to be free from discrimination;

f) By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourteenth Amendment, when performing actions related to employer-employee relations;

g) Aiding and abetting in the violation of civil rights guaranteed to individuals, including those under the Fourteenth Amendment, by engaging in the aforementioned conduct;

h) Conspiring to violate civil rights guaranteed to individuals, including those under the Fourteenth Amendment, by engaging in the aforementioned conduct.

i) The policy of claiming that union employees must seek redress for damages unconstitutional employment conditions, practices or policies, through the union, regardless of whether or not reasonable and articulable evidence exists at the time to support the their allegations against the union and EBMUD;

j) The policy, practice, or custom of making knowingly false representations of petitions and/or reports as a means of intimidating employees, by coercion, into accepting the wrongful recommendations and orders based on false representations of petitions, whether justified by extant evidence or not, thereby enabling East Bay Municipal Utility District to coerce represented employees into filing grievances or filing worker compensation claims for constitutional torts committed by EBMUD employees.

k) The policy, practice, or custom of extracting agency fee dues based upon false representations of by AFSCME 444,

(This list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile dependency type proceedings.  Plaintiff reserves the right to amend this pleading as more information becomes available.)

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against all Defendants, as to all causes of action, as follows:

1. Plaintiff demands a jury trial as to the issues so triable;

2. General damages and special damages according to proof;

3. As against only the individual defendants named in this complaint and <u>not</u> the municipality, punitive damages as allowed by law;

4. Attorneys fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute;

5. Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief to be based upon a separate application);

6. For actual damages in the full amount of bonus pay at the EBMUD pay range of 72, Assistant Superintendent level, plus interest and nominal exemplary damages under 42 USC §1983 for depriving Plaintiff of her rights, privileges and immunities secured by the Constitution of the United States;

7. For equitable relief, a preliminary and permanent injunction prohibiting Defendant Local 444 and EBMUD from denying Plaintiff (and employees similarly situated) their right to petition EBMUD for remedy, to engage in concerted activity, due process without union intervention (free association).

8. For issuance of a declaratory judgment, pursuant to 28 U.S.C. §2201, declaring; Public employees at EBMUD have freedom of association and free speech rights that cannot be abridged because they are guaranteed First, Fifth, and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983;

9. Costs of suit incurred herein; and

10. Such other and further relief as the Court deems proper.

DATED:          July 5, 2015

By: _____
    Ivette Rivera, Pro·Se Plaintiff


I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on this 5 day of July, 2015 in Oakland, California.

By: _____
             Ivette Rivera,



**EAST BAY**
**MUNICIPAL UTILITY DISTRICT**

February 9, 2015

Ivette Rivera
P.O. Box 2175
Berkeley, CA 94702

Re: Claimant: Ms. Ivette Rivera
   Claim Number: 2014-L-147
   Date of Loss: 1/28/14

### NOTICE OF REJECTION OF CLAIM
**Date of Loss:  January 28, 2014        Claim Form: Dated December 19, 2014**
**Received by the District:  December 24, 2014**

Notice is hereby given that the claim that you presented to the Board of Directors of East Bay Municipal Utility District has been rejected in its entirety on this date.

In compliance with Government Code Section 913, the following is quoted for your information:

### WARNING

> **Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.  This time limitation applies only to causes of action for which Government Code Sections 900-915.4 requires you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.**

> **You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.**

If you have additional questions, you may call me at (510) 287-0899.

Sincerely,

Michael J. Pattenaude
Risk Management Analyst III

cc: Lourdes Matthew, Office of General Counsel

Recycled Paper

STATE OF CALIFORNIA [Busi     Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

ACTING DIRECTOR ANNMARIE BILLOTTI

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

November 04, 2014

Ivette Rivera
P.O. Box 2175
Berkeley, CA 94702

RE: **Notice of Case Closure and Right to Sue**
DFEH Number: 247831-105330
Rivera / AFSCME Local 444

Dear Ivette Rivera:

The Department of Fair Employment and Housing (DFEH) has closed your case for the following reason: No Jurisdiction. Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

**This is your Right to Sue notice.** According to Government Code section 12966, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of, Government Code section 12948, which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.

Your complaint is **not dual filed** with the United States Equal Employment Opportunity Commission (EEOC). To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this letter or within 300 days of the alleged discriminatory act, whichever is earlier.

You may file an appeal with DFEH which is a written request made to the District Administrator for reconsideration of the decision to close your case. Your appeal should include a 1) summary as to why you disagree with the reason; and/or, 2) any new detailed information (e.g., documents, records, witness information) that supports your



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
7010 0290 0000 2016 5403

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

June 03, 2015

Ms. Ivette Rivera
P.O. Box 2175
Berkeley, CA 94702

Re: EEOC Charge Against East Bay Municipal Utility District
        No. 555201400723

Dear Ms. Rivera:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by *Karen J. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC
    East Bay Municipal Utility District

8STATE OF CALIFORNIA | State and Consumer Services Agency                                          GOVERNOR EDMUND G. BROWN, JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
(800) 884-1684 | TDD (800) 700-2320 | Videophone for the DEAF (916) 226-5285
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR PHYLLIS W. CHENG

EEOC Number: 555-2014-00723
Case Name:     Ivette Rivera v.  East Bay Municipal Utility District
Filing Date:       August 11, 2014

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC).  The complaint will be filed in accordance with California Government Code section 12960.  This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter.  Please contact EEOC directly for any discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

This letter is also your Right to Sue notice.  <u>This Right-To-Sue Notice allows you to file a private lawsuit in State court</u>.  According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The lawsuit may be filed in a State of California Superior Court.  Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice.  Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint.  You should consult an attorney to determine with accuracy the date by which a civil action must be filed.  This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC using the contact information below.

|                                                        |                                                        |
|--------------------------------------------------------|--------------------------------------------------------|
| EEOC Northern California                               | EEOC Southern California                               |
| 450 Golden Gate Ave 5-West                             | 255 East Temple Ste., 4th Floor                        |
| PO Box 36025                                           | Los Angeles, CA  90012                                 |
| San Francisco, CA  94102                               | (213) 894-1100                                         |
| (415) 522-3000                                         |                                                        |

DFEH-200-02 (01/13)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 555-2014-00723 |

**California Department Of Fair Employment & Housing** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Ivette Rivera** | ▐ | ▐ |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **Po Box 2175, Berkeley, CA 94702** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **EAST BAY MUNICIPAL UTILITY DISTRICT** | **Unknown** | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **375 11th Street,  Berkeley, CA 94702** | | |

*RECEIVED JUL 02 2014 EEOC - OLO*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (Specify)  **Equal Pay**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-28-2014**   Latest **06-19-2014**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired on or around January 24, 2005 in the position of Gardener Foreman. I performed my duties satisfactorily. Since my date of hire I have performed duties associated with a supervisory and assistant superintendent job classifications, however Respondent has refused to reclassify my position to reflect the work I complete. I am aware of a male employee, Ed Nabeta who previously held my position and Respondent classified his position as General Grounds Supervisor. He was compensated at a higher salary range than me. In addition, because Respondent refuses to re-classify my position as a supervisor, I am not eligible for performance pay and additional benefits at the supervisory level. Currently, I am aware of multiple male supervisors and assistant superintendents who are paid more than me I have complained of the disparity in pay, however Respondent has failed to take corrective action.

I believe my sex, female, motivated a lower rate of pay and different terms and conditions of my employment, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *6/30/2014*<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |