1

2               UNITED STATES DISTRICT COURT

3        FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                     OAKLAND DIVISION

5

6    IVETTE RIVERA,                          Case No:  C 15-0380 SBA

7              Plaintiff,                     **ORDER STRIKING ERRATA TO**
                                              **FIRST AMENDED COMPLAINT**
8         vs.

9    EAST BAY MUNICIPAL DISTRICT, et al.,

10             Defendants.

11

12       On January 27, 2015, Plaintiff Ivette Rivera, acting pro se, filed the instant action

13   against East Bay Municipal District ("EBMUD") and its General Counsel, Maria Lourdes

14   Matthews ("Matthews").  Dkt. 1.  Plaintiff alleges that from 2005 until January 28, 2014,

15   EBMUD and Matthews conspired to deprive her of her rights to be free from

16   discrimination, equal pay, and freedom of association, among other rights.  The action was

17   assigned to Magistrate Judge Donna Ryu.

18       On July 7, 2015, Plaintiff filed a First Amended Complaint which joined a multitude

19   of additional party-defendants, including the AFL-CIO, American Federation of State,

20   County and Municipal Employees ("AFSCME"), AFSCME Local 443 and various other

21   individuals ostensibly associated with EBMUD and the other entity-defendants.  The

22   parties declined to consent to the jurisdiction of a magistrate judge which resulted in the

23   reassignment of the action to this Court on July 28, 2015.  Dkt. 26.

24       On July 31, 2015, Plaintiff, without leave of court, filed two identical documents

25   styled as "Notice of Errata to First Amended Complaint."  Dkt. 31, 32.  The Notices of

26   Errata purport to make twenty-seven changes to the First Amended Complaint.  Some of

27   the changes appear to be corrections to typographical errors.  Other modifications,

28   however, involve changing the identity of certain party-defendants.

**1**     Under Federal Rule of Civil Procedure 15(a)(1), a party may amend a pleading once

**2** "as a matter of course" within "(A) 21 days after serving it, or (B) if the pleading is one to

**3** which a responsive pleading is required, 21 days after service of a responsive pleading or

**4** 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  "In all

**5** other cases, a party may amend its pleading only with the opposing party's written consent

**6** or the court's leave.  The court should freely give leave when justice so requires."  Id.

**7** 15(a)(2).

**8**     The Court finds that the Notices of Errata filed by Plaintiff on July 31, 2015, are

**9** improper.  Plaintiff exhausted her right to amend as a matter of course upon filing her First

**10** Amended Complaint.  See Fed. R. Civ. P. 15(a)(1).  To further amend the pleadings—as

**11** she ostensibly proposes to do through her Notices of Errata—Plaintiff must obtain either

**12** the consent of the opposing parties or prior leave of court (by filing a motion for leave to

**13** file an amended complaint).  See id. 15(a)(2).  There is nothing in the record to indicate

**14** that Plaintiff made any attempt to procure either the Defendants' stipulation or the Court's

**15** permission before filing the Notices of Errata.  Moreover, to amend the allegations of the

**16** First Amended Complaint, Plaintiff must file an entirely new amended complaint, and not

**17** merely an "errata" to the First Amended Complaint.[1]

**18**     Plaintiff is advised that although she is acting pro se (i.e., without an attorney) she

**19** nevertheless remains obligated to follow the same rules as represented parties.  See Ghazali

**20** v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their

**21** favor, pro se litigants are bound by the rules of procedure.") (per curiam); King v. Atiyeh,

**22** 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of

**23** procedure that govern other litigants.").  Self-representation is not an excuse for non-

**24** compliance with the court's rules and orders.  See Swimmer v. I.R.S., 811 F.2d 1343, 1344

**25**

---

**26**     [1] A proposed stipulation or motion for leave to file an amended complaint must be accompanied by the proposed pleading.  See Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not

**27** incorporate any part of a prior pleading by reference.").  ***In addition, pursuant to this Court's Standing Orders, Plaintiff must meet and confer in good faith with opposing***

**28** ***counsel prior to submitting any request to the Court***.

(9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).  Plaintiff's failure to comply with any procedural requirements, including any Court order, may result in the imposition of sanctions up to and including dismissal of the action.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Notices of Errata, Dkt. 31 and 32, shall be STRICKEN from the record.

IT IS SO ORDERED.

Dated:  8/5/15

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge