UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVETTE RIVERA, | Case No:  C 15-00380 SBA |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING MOTION FOR RULE 11 SANCTIONS** |
| vs. | |
| EAST BAY MUNICIPAL UTILITY DISTRICT, et al., | Dkt. 41, 48, 51 |
| Defendants. | |

Plaintiff Ivette Rivera brings the instant pro se action pursuant to 42 U.S.C. § 1983, among other federal claims, against her employer, East Bay Municipal Utility District ("EBMUD") based on EBMUD's refusal to reclassify her as a supervisor.  Also named as party-defendants are the American Federation of State, County and Municipal Employees, AFL-CIO, Local 444 ("AFSCME Local 444"), the exclusive representative for the bargaining unit at EBMUD in which Plaintiff is a member; the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), the parent entity of AFSCME Local 444; and twenty-three individuals affiliated with EBMUD and AFSCME Local 444.

The parties are presently before the Court on:  (1) the EBMUD Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) the Union Defendants'

1  motion to dismiss; and (3) the AFSCME Local 444 Defendants' motion for Rule 11

2  sanctions.[1]  Having read and considered the papers filed in connection with this matter and

3  being fully informed, the Court hereby GRANTS the motions to dismiss with partial leave

4  to amend and DENIES the motion for sanctions.  The Court, in its discretion, finds this

5  matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal.

6  Civ. L.R. 7-1(b).

7  ## I.    BACKGROUND

8       Plaintiff is employed by EBMUD as a Gardener Foreman.  According to Plaintiff,

9  she performs supervisorial duties and therefore should be classified as a supervisor and

10 exempt from union membership.  First Am. Compl. ("FAC") ¶¶ 45, 55, 57, Dkt. 10.

11 Plaintiff complained, without success, about her classification to the EBMUD Board of

12 Directors ("Board") at meetings held on December 10, 2013 and January 14, 2014.  Id.

13 ¶ 45.

14      On January 28, 2014, Plaintiff again appeared before the Board, demanding a

15 response to her prior complaints.  Id. ¶ 45.  In addition, she told the Board that those

16 complaints placed both EBMUD and AFSCME Local 444 representatives "on notice,

17 during the negotiations period, that each possessed material evidence that she was hired to

18 perform supervisory duties and did so from 2005-2013, but that each refused to exclude her

19 from AFSCME [Local] 444."  Id. ¶ 45.  In response, Board members informed Plaintiff that

20 she could not petition the Board directly for relief, and instead should proceed through her

21 union.  Id. ¶ 46.

22      On January 27, 2015, Plaintiff filed a Complaint in this Court against EBMUD;

23 Jylana Collins, General Counsel for EBMUD; and Maria Lourdes Matthews, an attorney

24 with EBMUD.  Dkt. 1.  On July 7, 2015, Plaintiff filed a FAC, adding twenty-three

25

26 [1] The sanctions motion is brought by AFSCME Local 444 and individual defendants John Briceno, Ruben Rodriguez, Cheryl Franklin and Gerald Hunter (collectively "AFSCME Local 444 Defendants").  Dkt. 52.  The "Union Defendants" include the
27 AFSCME Local 444 Defendants along with AFSCME and Felix Huerta.  The "EBMUD Defendants" refers to EBMUD and all individual defendants alleged to be employed by or
28 affiliated with EBMUD.

additional party-defendants.[2]  The FAC asserts six claims for relief, styled as follows:

(1) violation of 42 U.S.C. §§ 1981, 1983 and 1988; (2) violation of 42 U.S.C. § 1985;

(3) violation of 42 U.S.C. § 1986; (4) <u>Monell</u> liability; (5) violation of Title VII of the Civil

Rights Act of 1964 ("Title VII") and the Equal Pay Act ("EPA"); and (6) declaratory relief.

As relief, Plaintiff seeks general and punitive damages, actual damages based on the pay

she would have received if classified as a supervisor, and an injunction preventing EBMUD

and AFSCME Local 444 from violating her constitutional rights.

The EBMUD and Union Defendants have filed separate motions to dismiss,

pursuant to Rule 12(b)(6).  The AFSCME Local 444 Defendants separately bring a motion

for Rule 11 sanctions.  Plaintiff has filed oppositions to each of these motions, though she

does not oppose the dismissal of her claims under § 1981 and 1988.

## II.     LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim."  <u>Navarro v. Block</u>, 250 F.3d

729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is proper when the complaint

either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a

cognizable legal theory."  <u>Somers v. Apple, Inc.</u>, 729 F.3d 953, 959 (9th Cir. 2013).  "Rule

12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the

nature of the claim, but also grounds on which the claim rests.'"  <u>Zixiang Li v. Kerry</u>, 710

F.3d 995, 998-99 (9th Cir. 2013) (quoting in part <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.

---

[2] As party-defendants, Plaintiff has named the following: (1) EBMUD; (2) Alex Coate, EBMUD General Manager; (3) Jylana Collins, EBMUD General Counsel; (4) Andy Katz, EBMUD Board member; (5) Doug Linney, EBMUD Board member; (6) Frank Mellon, EBMUD Board member; (7) William Patterson, EBMUD Board member; (8) John Coleman, EBMUD Board member; (9) Lesa McIntosh; EBMUD Board member; (10) Lynelle Lewis, EBMUD Manager of Human Resources ("HR"); (11) Alexander Coate, EBMUD General Manager; (12) Delores Turner, EBMUD Human Resource ("HR") staff; (13) Michael Rich, EBMUD HR staff; (14) Jill Gaskins, EBMUD HR analyst; (15) Lourdes Maria Matthew, EBMUD staff attorney; (16) Ted Lam, EBMUD Maintenance Superintendent; (17) Phil Kohne, EBMUD negotiator; (18) Mike Wallis, EBMUD Director, Facilities Maintenance and Construction Division; (19) Richard Jung, EBMUD Manager, Recruitment and Classification; (20) AFSCME Local 444; (21) Felix Huerta, negotiator for AFSCME Local 444; (22) Ruben Rodriguez, AFSCME Local 444 officer; (23) John Briceno, AFSCME Local 444 officer; (24) Cheryl Franklin, AFSCME Local 444 steward; (25) Gerald Hunter, AFSCME Local 444 officer; and (26) AFSCME. <u>Id.</u> ¶¶ 33, 35-38.

544, 556 n.3 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570 (2007)).

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

If a complaint is subject to dismissal for failure to state a claim, a district court has discretion whether to grant leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  "A pro se litigant is entitled to an opportunity to amend '[u]nless it is absolutely clear that no amendment can cure the defect.'"  Walker v. Beard, 789 F.3d 1125, 1139 (9th Cir. 2015) (quoting Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)) (brackets in orig.); Cato v. United States, 70 F.3d 1103, 1105-106 (9th Cir. 1995). "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."  Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008).

## III.   DISCUSSION

### A.   42 U.S.C. § 1983

Title 42 of the United States Code, section 1983, allows individuals to sue government officials who violate their civil rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State."  42 U.S.C. § 1983.  To maintain a claim pursuant to § 1983, a plaintiff must establish:  (1) the deprivation of a right, privilege or immunity secured by the Constitution or federal law, (2) by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).  Section 1983 is not itself a source of substantive rights, but a

jurisdictional vehicle for vindicating federal rights elsewhere conferred.  See Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2008) (citations omitted).  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000).

### 1.    Deprivation of a Constitutional Right

In her first claim for relief, Plaintiff broadly alleges that Defendants violated her constitutional rights to freedom of speech and due process.  FAC ¶¶ 60-70.[3]  The Court discusses each alleged constitutional violation below.

#### a)    First Amendment

In evaluating a First Amendment claim brought by a public employee, courts first consider whether the plaintiff has engaged in a protected speech activity.  This requires the plaintiff to show that she: "(1) spoke on a matter of public concern; and (2) spoke as a private citizen and not within the scope of her official duties as a public employee."  Karl v. City of Mountlake Terrace, 678 F.3d 1062, 1068 (9th Cir. 2012).  If the plaintiff makes these showings, a court determines "whether the plaintiff has further shown that she (3) suffered an adverse employment action, for which her protected speech was a substantial or motivating factor."  Id.

Defendants contend that the speech underlying Plaintiff's § 1983 claim does not address a public concern.  The Court agrees.  "Speech involves a matter of public concern when it can fairly be considered to relate to 'any matter of political, social, or other concern to the community.'"  Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009) (citations omitted).  "But speech that deals with individual personnel disputes and grievances" is not cognizable as a § 1983 First Amendment claim.  Id.  The focus of the public concern analysis "must be upon whether the public or community is likely to be truly interested in

---

[3] Though Plaintiff briefly mentions "freedom of association" and the "right to petition," her First Amendment claim is based on the same conduct, i.e., the refusal to reclassify her as a supervisor.

the particular expression, or whether it is more properly viewed as essentially a private grievance." Desrochers v. City of San Bernardino, 572 F.3d 703, 713 (9th Cir. 2009) (internal quotations and citation omitted). Whether an employee's speech addresses a matter of public concern is "a pure question of law," determined by the content, form and context of the statement. Karl v. City of Mountlake Terrace, 678 F.3d 1062, 1069 (9th Cir. 2012).

The basis of Plaintiff's § 1983 claim is EBMUD's refusal to reclassify her as a supervisor which would, in turn, insulate her from the requirement of being a dues paying member of AFSCME Local 444. E.g., id. ¶¶ 45-58. Despite the obvious personal nature of her complaint, Plaintiff avers that she was also complaining for "other employees similarly situated." Perhaps so, but whether Plaintiff should be classified as a supervisor presents a personnel matter, and is otherwise not the type of concern the public is likely to be "truly interested in." See Desrochers, 572 F.3d at 710, 713 (rejecting claim that complaints about management presented a public concern regarding the "competency," "preparedness," "efficiency," and "morale" of the police department); Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 766 (9th Cir. 2006) ("[A] public employer may constitutionally suppress an employee's speech addressing 'matters only of personal interest'—such as personnel matters pertaining to the speaker's job performance or terms and conditions of employment"); McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir. 1983) (holding that speech limited to "individual personnel disputes and grievances" and "would be of no relevance to the public's evaluation of the performance of governmental agencies" is clearly not a matter of public concern). Because Plaintiff's speech does not raise a matter of public concern, her First Amendment claim fails as a matter of law.[4]

---

[4] Plaintiff briefly claims that she made "whistleblowing allegations" to the Board. FAC ¶ 44. Such allegations are based entirely on her complaint that she was misclassified and thereby compelled to remain a member of AFSCME Local 444. Since Plaintiff does not allege facts in the pleadings or in her opposition that she sought to bring "[to] light actual or potential wrongdoing or breach of public trust on the part of [Defendants]," the Court rejects Plaintiff's assertion that she was engaged in protected whistleblower activities. See Connick v. Myers, 461 U.S. 138, 148 (1983).

The question remains whether the Court should exercise its discretion to grant leave to amend. In this case, the Court is persuaded that leave to amend would be futile. See Woods v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012) (noting that while leave should be freely granted where pro se litigants are involved, it is not required where the deficiencies cannot be cured by amendment). The FAC presents a *lengthy* account of the events surrounding her dissatisfaction with Defendants' response to her demands to be reclassified as a supervisor and released from AFSCME Local 444. Yet, none of those facts reveal anything other than a dispute that is personal and specific to Plaintiff. Although Defendants point out this flaw in their moving papers, Plaintiff offers no explanation or additional facts as to how any speech that forms the basis of this action in any way amounts to a matter of public concern. Accordingly, the Court dismisses Plaintiff's First Amendment claim without leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (holding that a court may properly deny a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.").

### b)    *Due Process*

Plaintiff next alleges that she was denied her constitutional right to due process. "The Fourteenth Amendment prohibits states from 'depriv[ing] any person of life, liberty, or property, without due process of law.'" Newman v. Sathyavaglswaran, 287 F.3d 786, 789 (9th Cir. 2002) (quoting U.S. Const. amend. XIV, § 1). "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999); see also Johnson v. Rancho Santiago Comm. Coll. Dist., 623 F.3d 1011, 1029 (9th Cir. 2010). "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly

must have more than an abstract need or desire for it.  He must have more than a unilateral

expectation of it.  He must, instead, have a legitimate claim of entitlement to it." Id.

The pleadings do not explicitly identify the property interest at stake and Plaintiff's

opposition likewise fails to address Defendants' arguments for dismissal.  Nonetheless,

liberally construed, the FAC appears to allege that Plaintiff possesses a property interest in

being reclassified as a supervisor.  The Ninth Circuit has held that the prospect of a

promotion is not a property interest.  Nunez v. City of Los Angeles, 147 F.3d 867, 871-72

(9th Cir. 1998) (affirming grant of summary judgment on due process claim, finding that

the plaintiff police officers lacked a property interest in obtaining promotions).  Nor does a

public employee have a property interest in the procedures for obtaining a promotion.  Id. at

873 n.8; Stiesberg v. California, 80 F.3d 353, 357 (9th Cir. 1996) ("Stiesberg's contention

that the appellees failed to comply with the requisite administrative steps prior to

transferring him amounts to little more than a complaint that his unilateral expectations

were not met.").[5]  In short, Plaintiff cannot claim a property interest in a supervisory

position that she never held.  Nunez, 147 F.3d at 873 ("Until someone actually receives a

promotion, or at least a binding assurance of a forthcoming promotion, he cannot claim a

property interest in the promotion.") (footnote omitted).  The Court finds that Plaintiff lacks

a protectable property interest in being reclassified as a supervisor, and therefore, her due

process claim fails as a matter of law.  Because no amendment can cure this deficiency,

said claim is dismissed without leave to amend.

---

[5] Plaintiff alleges that her employment is governed by California Public Utilities Code § 12101, which states that:  "All appointments under the civil service system shall be made for the good of the public service and solely on the basis of integrity, character, merit, fitness, and industry *as established by appropriate competitive tests*[.]"  Cal. Pub. Util. Code § 12101 (emphasis added); FAC ¶ 54(b).  Assuming arguendo that Plaintiff is correct that this provision governs her employment, its terms undermine any claim that she has a right to a job reclassification.  Nunez, 147 F.3d at 872 ("any possibility of promotion was contingent upon their success on the exam, as well as upon the number of lieutenant positions available.  Such contingencies belie the claim that the police officers had even so much as a reasonable expectation of being promoted.").

1

2.      **Color of State Law**

2        Plaintiff's § 1983 claim independently fails as to the Union Defendants based on

3    Plaintiff's failure to establish state action.[6]  Generally, unions are considered to be private

4    actors.  <u>Garity v. APWU-AFL-CIO</u>, 585 Fed.Appx. 383, 384 (9th Cir. Oct. 8, 2014) ("The

5    district court properly dismissed [plaintiff]'s federal constitutional claim because the unions

6    are not state actors acting under color of law."); <u>Ciambriello v. Cnty. of Nassau</u>, 292 F.3d

7    307, 323 (2d Cir. 2002) ("Labor unions . . . generally are not state actors").  Private parties

8    do not act under color of law, and there is a "presumption that private conduct does not

9    constitute governmental action."  <u>Sutton v. Providence St. Joseph Med. Ctr.</u>, 192 F.3d 826,

10   835 (9th Cir. 1999).  Thus, in order to pursue a § 1983 claim against a private actor, the

11   plaintiff must establish that one of the following situations is applicable:  (1) the private

12   actor performed a public function, (2) the private actor engaged in joint activity with a state

13   actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a

14   governmental nexus with the private actor.  <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1093 (9th

15   Cir. 2003).

16       In her opposition, Plaintiff does not directly address the Union Defendants'

17   contention that none of them are state actors who acted under color of state law.  Instead,

18   she asserts that Defendant Felix Huerta, as the "[AFSCME Local 444] Business Agent,"

19   acted under color of state law because he negotiated with EBMUD pursuant to the authority

20   vested in AFSCME Local 444 under the Municipal Utility District Act ("MUDA") and the

21   Meyers-Milias-Brown Act ("MMBA").  Pl.'s Opp'n at 3, Dkt. 59; Steele Decl. Ex. M, Dkt.

22   52-13 at 2.[7]  "Under the public function test, when private individuals or groups are

23   endowed by the State with powers or functions governmental in nature, they become

24   _____

25       [6] The EBMUD Defendants do not dispute that EBMUD is a local agency for
     purposes of § 1983.

26

27       [7] Because these allegations are not presented in the FAC, they are "irrelevant for
     Rule 12(b)(6) purposes."  <u>Schneider v. Calif. Dep't of Corrections</u>, 151 F.3d 1194, 1197 n.1
     (9th Cir. 1998).  That aside, for the reasons discussed above, Plaintiff's argument is legally
28   uncompelling.

agencies or instrumentalities of the State and subject to its constitutional limitations.  The

public function test is satisfied only on a showing that the function at issue is both

traditionally and exclusively governmental."  <u>Florer v. Congregation Pidyon Shevuyim,</u>

<u>N.A.</u>, 639 F.3d 916, 924 (9th Cir. 2011) (quotation marks and citations omitted).

Plaintiff does not contend that AFSCME Local 444 was performing a "traditionally

and exclusively governmental" function.  <u>Id.</u>  To the contrary, the pleadings allege that

AFSCME Local 444 was doing nothing more than functioning as a union.  <u>E.g.</u>, FAC ¶ 11

("[AFSCME Local 444] was the exclusive representative for collective bargaining and non-

collective bargaining for matters for all employees in the relevant bargaining unit.").

Moreover, the California statutes cited by Plaintiff do not vest AFSCME Local 444 with

authority traditionally and typically reserved to the government.  The MMBA simply

requires that a public agency negotiate in good faith with a recognized collective bargaining

representative as to "matters within the scope of representation."  Cal. Gov't Code § 3505.

The MUDA authorizes the formation of local municipal utility districts.  Cal. Pub. Util.

Code § 11561.  Neither statute confers any governmental authority upon AFSCME Local

444 such that its conduct or the conduct of its agents could be construed as being under the

color of state law.

Equally without merit is Plaintiff's assertion that Defendants John Briceno, Ruben

Rodriguez, Cheryl Franklin and Gerald Hunter (who are among the Union Defendants)

engaged in joint action with EBMUD.  According to Plaintiff, these individual defendants

are EBMUD employees who also acted as "'volunteer' negotiators" on behalf of AFSCME

Local 444.  Pl.'s Opp'n at 3; Steele Decl. Ex. M.  It is true that, "generally, a public

employee acts under color of state law while acting in his official capacity or while

exercising his responsibilities pursuant to state law."  <u>West v. Atkins</u>, 487 U.S. 42, 49

(1988).  That principal has no application here, however.  Based on the allegations of the

FAC, <u>see id.</u> ¶¶ 35-38, these defendants were acting—not as state officials—but as union

officers negotiating with EBMUD, <u>see Laboy v. Seabrook</u>, No. 96 CIV. 2359 (RWS), 1996

WL 417523, *3 (S.D.N.Y., July 25, 1996) (finding that claims against city employees based

1  on their actions as union officers failed because they were not acting under color of state

2  law).[8]

3       In sum, the Court finds that the FAC fails to state a claim under § 1983 as to the

4  Union Defendants on the grounds that they are private actors who were not acting under

5  color of state law.  Because Plaintiff has failed to present any compelling argument or facts

6  warranting further amendment, this claim is dismissed without leave to amend as to the

7  Union Defendants.

8       **B.   42 U.S.C. § 1985**

9       Plaintiff's second claim for relief is for conspiracy to violate her civil rights in

10  violation of 42 U.S.C. § 1985.  To state a cause of action under § 1985(3), a complaint must

11  allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal

12  protection of the laws, or of equal privileges and immunities under the laws, (3) an act by

13  one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property

14  damage or a deprivation of any right or privilege of a citizen of the United States.  Gillespie

15  v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980).

16       The pleadings briefly allege that Defendants conspired together to make false reports

17  to the Board and EBMUD in relation to her requests for reclassification.  FAC ¶ 77.  This

18  allegation is too conclusory to state a claim based on a violation of § 1985.  Karim-Panahi

19  v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of

20  conspiracy without factual specificity is insufficient.").  Moreover, Plaintiff's conspiracy

21  claim fails for the same reasons as set forth above in the discussion regarding the § 1983

22  claim.  See Lacey v. Maricopa Cnty., 693 F.3d 896, 935, 935 (9th Cir. 2012) (stating that

23  allegations that are insufficient "to support a section 1983 violation preclude[] a conspiracy

24

25       [8] Plaintiff also asserts that Defendants Briceno, Rodriguez, Franklin and Hunter
   acted under color of state law by signing oaths administered by EBMUD in which they
26  promised to uphold and defend the United States and California constitutions.  Steele Decl.
   Ex. M; see also Pl.'s Req. for Jud. Notice Exs. 1-4. This contention fails for the same
27  reasons discussed above; to wit, the conduct attributed to these defendants was in their
   capacity as union officers, as opposed to employees carrying out governmental functions
28  attributable to EBMUD.  In addition, there is no nexus alleged between taking the oaths and
   Defendants' alleged misconduct.

claim predicated upon the same allegations"). The Court therefore dismisses Plaintiff's § 1985 claim without leave to amend.

### C.     42 U.S.C. § 1986

Plaintiff's third claim is brought under 42 U.S.C. § 1986, which provides that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured[.]" 42 U.S.C. § 1986. In order to state a § 1986 claim, the plaintiff must also assert a valid § 1985 claim. See Farley v. Henderson, 883 F.2d 709, 711 n.3 (9th Cir. 1989). As set forth above, Plaintiff has failed to allege a meritorious § 1985 claim. By extension, Plaintiff has therefore failed to allege a plausible § 1986 claim. Karim-Panahi, 839 F.2d at 626. The Court dismisses Plaintiff's § 1986 claim without leave to amend.

### D.     MONELL LIABILITY

Plaintiff's fourth claim for relief is based on Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). Under Monell, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. Id. at 691. Rather, to impose municipal liability under § 1983, a plaintiff must show "a policy, practice, or custom of the entity [was] a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). Monell liability may be extended to a private entity only if "(1) [it] acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of [the private entity]." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).[9] There can be no Monell liability without an underlying constitutional violation. Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994).

---

[9] Plaintiff names all Defendants as parties to her Monell claim. Individual defendants are not proper parties to this claim. Guillory v. Cnty. of Orange, 731 F.2d 1379, 1382 (9th Cir. 1984) ("Monell does not concern liability of individuals").

Plaintiff's <u>Monell</u> claim fails on multiple levels.  First, in view of Plaintiff's failure to allege a cognizable constitutional violation, her <u>Monell</u> claim must fail as well.  <u>Scott</u>, 39 F.3d at 916.  Second, Plaintiff's claim is predicated on an isolated incident, i.e., Defendants' alleged refusal to reclassify her as a supervisor—which, by definition, is insufficient to support a <u>Monell</u> claim.  <u>See</u> <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy").  Finally, Plaintiff's allegations with regard to causation are too conclusory to link Defendants' unspecified policies with her alleged constitutional injury.  <u>See</u> <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900-901 (9th Cir. 2011) (dismissing a complaint that "lacked any factual allegations regarding key elements of the <u>Monell</u> claims, or, more specifically, any facts demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice of the [defendant] or that the custom or practice was the 'moving force' behind his constitutional deprivation.").

In sum, Plaintiff's <u>Monell</u> claim is premised on conclusory allegations unsupported by any facts plausibly suggesting the existence of any unconstitutional policies, practices, and customs by EBMUD, AFSCME Local 444 or ACSME.  Since Plaintiff has not identified any additional facts which would cure that deficiency, the Court finds that any amendment to this claim would be futile.  Plaintiff's <u>Monell</u> claim is therefore dismissed without leave to amend.  <u>See</u> <u>Dougherty</u>, 654 F.3d 892, 902-901 (affirming dismissal without leave to amend where the plaintiff's <u>Monell</u> claims "lack any factual allegations that would separate them from the formulaic recitation of a cause of action's elements deemed insufficient by <u>Twombly</u>").

### E.   EMPLOYMENT CLAIMS

Plaintiff's fifth claim alleges violations of both Title VII and the EPA.  The Court discusses each statute, in turn.

1

**1.     Title VII**

**a)     *Discrimination***

Title VII provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1).[10] To state a Title VII discrimination claim, the plaintiff must allege facts sufficient to demonstrate that his protected status was the sole reason or "motivating factor" for the defendant's adverse employment action.  See Desert Palace, Inc. v. Costa, 539 U.S. 90, 101-102 (2003).  A plaintiff must first exhaust her administrative remedies before filing suit.  B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002).  To comport with the exhaustion requirement, a plaintiff must file "a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge."  Id.

Plaintiff alleges that Defendants discriminated against her on account of her gender by failing to properly classify and compensate her as a supervisor and by not processing her complaints.  FAC ¶¶ 100-101.  Plaintiff fails to allege any facts to support her contention that her gender bore any relation to Defendants' handling of her request for reclassification.[11]  Nonetheless, since it is possible that Plaintiff could cure this deficiency, the Court dismisses Plaintiff's Title VII discrimination claim with leave to amend as to EBMUD only.

---

[10] Under Title VII, only the plaintiff's employer is a proper party-defendant.  Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 587 (9th Cir. 1993).  Since EBMUD is alleged to be Plaintiff's employer, all other Defendants are improper parties to Plaintiff's Title VII claim.

[11] Defendants contend that Plaintiff must allege facts to establish a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  "The prima facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 509 (2002).  Consequently, "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . ."  Id. at 515.

**b)      Retaliation**

Plaintiff also alleges that Defendants "retaliated against [her] by not processing [her] complaints."  FAC ¶¶ 100.  Title VII prohibits retaliation against a person who has exercised his rights under the Act by claiming discrimination or seeking to enforce the Act's provisions.  42 U.S.C. § 2000e-3(a).  "The elements of a prima facie retaliation claim are, (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action."  Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008).  As to the causation element, "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action."  Univ. of Texas Southwestern Med. Ctr. v. Nassar, —— U.S. — , —, 133 S.Ct. 2517, 2528 (2013).

Plaintiff has failed to allege a plausible claim for retaliation under Title VII.  First, Plaintiff has failed to establish that she engaged in protected activity.  Title VII's anti-retaliation provision defines protected activity as either (1) opposing any practice made an unlawful employment practice by Title VII or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII.  42 U.S.C. § 2000e-3(a).  The first clause is known as the "opposition clause," while the second is known as the "participation clause."  Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn., 555 U.S. 271, 274 (2009).

Here, Plaintiff's speech consists of nothing more than her complaining to the Board that she should be classified as a supervisor and excluded from AFSCME Local 444.  FAC ¶ 45.  Though the pleadings liberally allege "discrimination" and "retaliation," no facts are alleged to show that she was complaining about either.  Even if protected activity were alleged, there are no facts demonstrating a causal link between her activity and any adverse employment action.  At best, Plaintiff's allegations show that she complained about her job classification and the Board declined to consider her request.  Without more, her retaliation

1    claim fails.  For the reasons stated above, said claim is dismissed with leave to amend as to

2    EBMUD only.[12]

3                    **2.    Equal Pay Act**

4         "To establish a prima facie case of wage discrimination [under the EPA], a plaintiff

5    must show that the employer pays different wages to employees of the opposite sex for

6    substantially equal work."  E.E.O.C. v. Maricopa Cnty. Cmty. Coll. Dist., 736 F.2d 510,

7    513 (9th Cir. 1984); 29 U.S.C. § 216(d).  Plaintiff alleges no facts to that effect in her FAC

8    nor does she address Defendants' arguments in her opposition.  As discussed, Plaintiff's

9    claims are centered on the fact that she was not reclassified as a supervisor—not that men

10   and women are paid differently for substantially equal work.  The Court therefore dismisses

11   this claim without leave to amend.

12            **F.    DECLARATORY RELIEF**

13        The sixth and final claim for relief alleged in the FAC is for Declaratory Relief.

14   Declaratory relief is a remedy, not a substantive claim.  See Morongo Band of Mission

15   Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1382-83 (9th Cir. 1988).  This

16   claim is therefore dismissed without leave to amend.

17            **G.    SANCTIONS**

18        The AFSCME Local 444 Defendants seek the payment of sanctions in the amount of

19   $7,468.75, which represents the amount of attorneys' fees they have incurred in defending

20   themselves in this action.  "Rule 11 requires the imposition of sanctions when a [filing] is

21   frivolous, legally unreasonable, or without factual foundation, or is brought for an improper

22   purpose."  Conn v. Borjorquez, 967 F.2d 1418, 1420 (9th Cir. 1992).  The Court has broad

23   discretion with regard to the type and amount of sanctions to be imposed.  See Golden

24

25

26

27        [12] In the event Plaintiff seeks to reallege discrimination and retaliation claims under
     Title VII, she should allege each as a separate claim for relief.  See Bautista v. Los Angeles
28   Cnty., 216 F.3d 837, 840-41 (9th Cir. 2000)

1 Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986).[13]  Rule 11

2 applies to pro se litigants as well as to attorneys and parties represented by attorneys.

3 Business Guides, Inc. v. Chromatic Comm. Enters., Inc., 498 U.S. 533, 545 (1991).  "The

4 central purpose of Rule 11 is to deter baseless filings . . . ."  U.S. ex rel. Robinson

5 Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir. 1992) (quoting

6 Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)).   The party moving for Rule

7 11 sanctions bears the burden to show why sanctions are justified.  See Tom Growney

8 Equip., Inc. v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987).

9 "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a

10 district court must conduct a two-prong inquiry to determine (1) whether the complaint is

11 legally or factually 'baseless' from an objective perspective, and (2) if the attorney has

12 conducted 'a reasonable and competent inquiry' before signing and filing it."  Christian v.

13 Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002).  Here, the AFSCME Local 444

14 Defendants have shown that the claims alleged against them in the FAC are objectively

15 baseless; however, they have not carried their burden of demonstrating that Plaintiff failed

16 to conduct a reasonable and competent inquiry prior to signing and filing the FAC.  The

17 AFSCME Local 444 Defendants' motion for Rule 11 sanctions is therefore denied.

18 **IV.    CONCLUSION**

19 For the reasons set forth above,

20 IT IS HEREBY ORDERED THAT:

21 1.    The EBMUD Defendants' motion to dismiss and the Union Defendants'

22 motion to dismiss are GRANTED.  All claims alleged in the FAC are dismissed.  Leave to

23 amend is GRANTED only with respect to Plaintiff's claims for discrimination and

24 retaliation under Title VII, which may be alleged against EBMUD only.  Plaintiff should be

25

26 [13] Rule 11(c)(4) states:  "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into

27 court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses

28 directly resulting from the violation."

aware that any pleading filed in this Court is subject to Federal Rule of Civil Procedure 11, and as such, she may amend only to the extent that she has a good faith basis for doing so. Plaintiff shall file her Second Amended Complaint by no later than December 1, 2015. Should Plaintiff fail to timely amend the pleadings as set forth above, the Court will dismiss her Title VII claims with prejudice.

      2.      The AFSCME Local 444 Defendants' motion for Rule 11 sanctions is DENIED.

      IT IS SO ORDERED.

Dated:  11/10/15

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge