1  David M. Poore, SBN 192541
   BROWN | POORE LLP
2  1350 Treat Blvd., Suite 420
   Walnut Creek, California 94597
3  Telephone:     (925) 943-1166
   Facsimile:     (925) 955-8600
4  dpoore@bplegalgroup.com

5  Attorneys for Plaintiff
   IVETTE RIVERA

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHISN DISTRICT OF CALIFORNIA

10

11

12  IVETTE RIVERA,                         | Case No.  15-C-00380 SBA

13              Plaintiff,                 | SECOND AMENDED COMPLAINT FOR
                                           | DAMAGES, EQUITABLE AND/OR
14  v.                                     | INJUNCTIVE RELIEF

15                                         | VIOLATIONS OF THE CIVIL RIGHTS
    EAST BAY MUNICIPAL UTLITLY             | ACT, 42 U.S.C. § 2000e (GENDER
16  DISTRICT,                              | DISCRIMINATION, RETALIATION,
                                           | FAILURE TO INVESTIGATE)
17              Defendant.
                                           | JURY TRIAL DEMANDED
18

19

20

21

22

23

24

25

26

27

28

-1-

Plaintiff IVETTE RIVERA complains and alleges as follows:

## **PARTIES AND JURISDICTION**

1.      Plaintiff IVETTE RIVERA ("Plaintiff") is, and at all relevant times hereto, has been a resident of the State of California.

2.      Plaintiff is informed and believes and thereby alleges that Defendant EAST BAY MUNICIPAL UTILITY DISTRICT ("EBMUD" or "Defendant"), is and at all relevant times hereto, was a public entity that operated in the State of California, County of Alameda.

3.      Defendant EBMUD, including its departments, units, and/or political subdivisions, is and at all relevant times hereto, was an employer operating as a public entity within the State of California, County of Alameda, who regularly employed more than 15 persons.

4.      Defendant EBMUD is a public employer located within the State of California and doing business as a government entity under color of state authority and law.

5.      This Court has jurisdiction and venue over this action in that Defendant employed Plaintiff within this judicial district in the State of California, and Plaintiff is seeking relief under federal law, Title VII, 42 U.S.C. Section 2000e et seq.  This Court has supplemental jurisdiction over any state law claims, in that they arose from the same common nucleus of operative facts, as the federal claims.

6.      Plaintiff has exhausted all administrative remedies, including obtaining a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC") and/or the Department of Fair Employment and Housing, and Plaintiff has filed this complaint timely within

1  receiving these right to sue letters.  Additionally, Plaintiff filed a timely government tort claim
2  with the Defendants, which has been rejected.
3
4        7.      Unless otherwise indicated as acting in individual capacity, Plaintiff is informed
5  and believe, and thereby allege that each of the defendants herein were at all times relevant
6  hereto, the agents, representatives, servants and employees of the remaining defendants, and were
7  acting at least in part within the course and scope of such relationship, and that the wrongful acts
8  alleged herein were committed by such defendants, and each of them.
9
10                          **FACTUAL BACKGROUND**
11       8.      On or about January 24, 2005, Plaintiff was hired by Defendant EBMUD in the
12  position of Gardner Foreman.  During the period of time that Plaintiff was employed by EBMUD,
13  she performed her job duties and responsibilities in an acceptable manner, always receiving
14  positive performance evaluations.  Plaintiff's job duties consisted of supervising and managing a
15  large portion of the gardening and grounds maintenance staff in the West Division of EBMUD.
16  Plaintiff reported directly to the Maintenance Superintendent of EBMUD, Ted Lam.
17
18       9.      On or about December 10, 2013, Plaintiff participated in two Board meetings
19  attended by Board members for Defendant EBMUD, and she requested to speak directly to the
20  Board about her concerns of discrimination in the workplace.  At each meeting, Plaintiff prepared
21  a "comment card" and she was allowed to speak to Board members.  Plaintiff informed the
22  Secretary that she wanted her comments and concerns to be reflected on the record.
23
24       10.     During that Board meeting, Plaintiff made several workplace complaints.  Plaintiff
25  informed the Board that she and other similarly situated employees were being discriminated
26  against in the workplace, including that she was improperly classified as a non-supervisory
27  employee, being denied equal pay, as compared to other male supervisors, and Plaintiff asked that
28

she and other similarly situated employees be properly classified, and that she be allowed to join the supervisors' union, Local 21.  Plaintiff explained to the Board, and to Defendant EBMUD that her male peers who previously held the position of "Foreman" had been properly classified as supervisors in the recent past, and they were properly moved to the supervisors' union, Local 21. Plaintiff also explained that the previous General Grounds Foreman was classified as a supervisor, and that Plaintiff was performing those duties.

11.   Plaintiff again made these complaints to the Board of EBMUD on January 14, 2014, and January 28, 2014.  Plaintiff asked that her complaints be immediately investigated by EBMUD, and that EBMUD take appropriate action to properly classify her and other similarly situated employees.

12.   Plaintiff's complaints to the Board were met with unreasonable hostility. Defendant EBMUD informed Plaintiff that she was not allowed to complain to the Board, as she was a member of a union.  Defendant EBMUD informed Plaintiff that she must go through her union for any workplace-related complaints, including complaints of gender discrimination and unequal pay for women, as these claims are "owned" by the union.  Defendant EBMUD refused to place Plaintiff's comments to the Board into the public record, and Defendant made active attempts to conceal Plaintiff's complaint from the public record.

13.   Plaintiff also made gender discrimination complaints to the EEOC, Department of Fair Employment and Housing, PERB, and to the Human Resource Department of EBMUD in 2014 and 2015.  Plaintiff's tort claim also raised complaints of gender discrimination.

14.   Defendant EBMUD refused to reasonably and adequately investigate any of Plaintiff's complaints pertaining to gender discrimination or equal pay.

-4-

SECOND AMENDED COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
RIVERA V. EAST BAY MUNICIPAL UTILITY DISTRICT, ET AL, CASE NO. C 15 00380 SBA

15.     After the January 28, 2014, EBMUD Board meeting, Plaintiff again asked that her complaints be adequately investigated and addressed, and, if Defendant refused, Plaintiff advised Defendant that she would report the matter to the Governor's office.  In response, Defendant EBMUD shifted its position, and claimed that the Board's HR representative (one of the subjects of Plaintiff's complaints) had investigated Plaintiff's concerns, but Defendant could not explain to Plaintiff the outcome of the investigation, or what was being done to address Plaintiff's concerns. Plaintiff later learned that there was no investigative report.

16.     Plaintiff again tried to raise her complaints with her immediate manager, Superintendent Ted Lam.  Plaintiff explained to Superintendent Lam that she was not properly classified as a supervisor, her male counter-parts in the position of "Foreman" had already been classified as a supervisor and allowed to joint Local 21, and that she was not being properly paid as a supervisor, along with supervisory benefits.

17.     In response, Superintendent Lam refused to accept or process Plaintiff's complaints of gender discrimination and unequal pay.  Superintendent Lam informed Plaintiff that HR instructed him that he was "not allowed" to speak with Plaintiff about her complaints, and that any dispute she had was required to go through her union.  Superintendent Lam said he had "no authority" to address any of Plaintiff's complaints, and Plaintiff was not allowed to raise any complaints pertaining to her "classification" as only managers have the authority to request a classification study.

18.     After Plaintiff made these complaints, she was subjected to a pattern and practice of retaliation in the workplace, which included adverse actions that were designed to deter Plaintiff and other similarly situated employees from making such complaints in the workplace. The adverse actions included refusing to adequately investigate her complaints, refusing to allow her to be properly classified as a supervisor, along with performance bonus pay, training, and

-5-

SECOND AMENDED COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
RIVERA v. EAST BAY MUNICIPAL UTILITY DISTRICT, ET AL, CASE NO. C 15 00380 SBA

other supervisory benefits, failing to provide Plaintiff with equal pay as compared to the other male "Foremen" that were switched to supervisors, placing Plaintiff under a draconian "sick leave" verification program, providing Plaintiff with a written warning, providing Plaintiff with an impermissible counseling memorandum, denying flexible staffing, and refusing to allow Plaintiff to move to Local 21, thereby denying her statutory right to representation of her choice, or to individual representation.  Plaintiff has also been shunned and ignored in the workplace.

19.     Moreover, once Superintendent Lam became aware of Plaintiff's workplace complaints, he has been reducing Plaintiff's supervisory duties and targeting Plaintiff in the workplace, in an obvious attempt to compel Plaintiff to resign her position.

## **FIRST CAUSE OF ACTION**

(Violations of Title VII, 42 U.S.C. Section 2000e – Gender Discrimination – Defendant EBMUD)

20.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.     Title VII, 42 U.S.C. Section 2000e et. seq., provides that it is an unlawful employment practice for an employer to discriminate on the basis of gender or sex in the terms and conditions of employment.

22.     Defendant EBMUD violated Title VII with regard to Plaintiff when it discriminated against Plaintiff and other similarly situated employees on the basis of sex and/or gender.

23.     Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment opportunities, indignity, great humiliation and emotional distress manifesting in physical symptoms.

25.     Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

## SECOND CAUSE OF ACTION

(Violations of Title VII, 42 U.S.C. Section 2000e – Retaliation – Defendant EBMUD)

26.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     Title VII, 42 U.S.C. Section 2000e et seq provides that it is an unlawful employment practice for an employer or its representative to retaliate against an employee for engaging in a protected activity, including making internal complaints of gender discrimination and unequal pay in the workplace.

28.     Defendant EBMUD violated Title VII with regard to Plaintiff when it engaged in adverse employment actions in retaliation for making internal complaints about gender discrimination and unequal pay, as set forth above.

29.     Defendant EBMUD's conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice.

-7-

1        30.    As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has

2   suffered loss of employment opportunities, indignity, great humiliation and emotional distress

3   manifesting in physical symptoms.

4

5        31.    Defendants' actions have caused and continue to cause Plaintiff substantial losses

6   in earnings, significant reputation and professional injury, loss of promotional opportunities and

7   other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

8   benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

9   according to proof.

10

11   **<u>PRAYER FOR RELIEF</u>**

12       Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

13       1.  For general damages in an amount according to proof;

14       2.  For special damages in an amount according to proof;

15       3.  For prejudgment interest in an amount according to proof;

16       4.  For equitable and/or injunctive relief;

17       5.  For statutory penalties, if applicable;

18       6.  For reasonable attorney's fees and cost of suit therein;

19       7.  For such other and further relief as the court may deem proper.

20       **8.  <u>Plaintiff demands a trial by jury.</u>**

21

22   Dated:  December 1, 2015          BROWN | POORE LLP

23                 By:___*//s// David M. Poore*_____

24                     David M. Poore

25                     Attorneys for Plaintiff

26

27

28

-8-

SECOND AMENDED COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
RIVERA V. EAST BAY MUNICIPAL UTILITY DISTRICT, ET AL, CASE NO. C 15 00380 SBA