UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVETTE RIVERA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT, et al.,<br><br>　　　　Defendants. | Case No:  C 15-00380 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Dkt. 79 |

　　Plaintiff Ivette Rivera brings the instant action against her employer, East Bay Municipal Utility District ("EBMUD"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  The parties are presently before the Court on EBMUD's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss.  The Court dismisses Plaintiff's claim for retaliation with leave to amend, and sua sponte grants leave to reallege a claim under the Equal Pay Act ("EPA"), 29 U.S.C. § 216(d).  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

   A. **FACTUAL SUMMARY**

On or about January 24, 2005, Plaintiff was hired by Defendant EBMUD as a Gardner Foreman. Sec. Am. Compl. ("SAC") ¶ 8, Dkt. 76. Plaintiff's job duties consist of supervising and managing the gardening and grounds maintenance staff in the West Division of EBMUD. Id. She reports directly to Maintenance Superintendent Ted Lam. Id.

On or about December 10, 2013, Plaintiff participated in two meetings of the EBMUD Board of Directors ("Board"). Id. ¶ 9. During one of those meetings, Plaintiff complained that "she and other similarly situated employees were being discriminated against in the workplace, including that she was improperly classified as a non-supervisory employee, being denied equal pay, as compared to male supervisors, and . . . asked that she and other similarly situated employees be properly classified, and that she be allowed to join the supervisors' union, Local 21." Id. ¶ 10. Plaintiff further explained to the Board that "her male peers who previously held the position of 'Foreman' had been properly classified as supervisors in the recent past, and they were properly moved to the supervisors' union, Local 21." Id. She again made these complaints to the Board on January 14 and 28, 2014, and asked that EBMUD investigate her complaints and "properly classify her and other similarly situated employees." Id. ¶¶ 11, 15.[1] EBMUD, however, "refused to reasonably and adequately investigate any of Plaintiff's complaints pertaining to gender discrimination or equal pay." Id. ¶ 14.

On a date not specified in the pleadings, Plaintiff "again tried to raise her complaints with her immediate manager, Superintendent Ted Lam," explaining to him that "she was not properly classified as a supervisor, her male counter-parts in the position of 'Foreman' had already been classified as a supervisor and allowed to joint Local 21, and that she was

---

[1] In addition to these complaints, Plaintiff alleges that she complained of gender discrimination to the EEOC, Department of Fair Employment and Housing, "PERB," and to the EBMUD Human Resource Department in 2014 and 2015. Id. ¶ 13.

not being properly paid as a supervisor, along with supervisory benefits." Id.  In response, Superintendent Lam refused to accept or process Plaintiff's complaints of gender discrimination and unequal pay and claimed that HR had instructed him not to speak with her about her complaints, as she was required to proceed through her union.  Id. ¶ 17.

After Plaintiff made these complaints, she allegedly was "subjected to a pattern and practice of retaliation in the workplace, which included adverse actions that were designed to deter Plaintiff and other similarly situated employees from making such complaints in the workplace." Id. ¶ 18.  She describes the adverse actions as follows:

> The adverse actions included refusing to adequately investigate her complaints, refusing to allow her to be properly classified as a supervisor, along with performance bonus pay, training, and other supervisory benefits, failing to provide Plaintiff with equal pay as compared to the other male "Foremen" that were switched to supervisors, placing Plaintiff under a draconian "sick leave" verification program, providing Plaintiff with a written warning, providing Plaintiff with an impermissible counseling memorandum, denying flexible staffing, and refusing to allow Plaintiff to move to Local 21, thereby denying her statutory right to representation of her choice, or to individual representation. Plaintiff has also been shunned and ignored in the workplace.

Id.  In addition, "once Superintendent Lam became aware of Plaintiff's workplace complaints, he has been reducing Plaintiff's supervisory duties and targeting Plaintiff in the workplace, in an obvious attempt to compel Plaintiff to resign her position." Id. ¶ 19.  Plaintiff does not allege *when* the foregoing allegedly retaliatory conduct transpired.

### B.  PROCEDURAL HISTORY

On January 27, 2015, Plaintiff, then pro se, filed a Complaint in this Court against EBMUD; Jylana Collins, General Counsel for EBMUD; and Maria Lourdes Matthews, an attorney with EBMUD.  Dkt. 1.

On July 7, 2015, Plaintiff filed a First Amended Complaint, which added twenty-three additional party-defendants and alleged six claims for relief for:  (1) violation of 42 U.S.C. §§ 1981, 1983 and 1988; (2) violation of 42 U.S.C. § 1985; (3) violation of 42 U.S.C. § 1986; (4) Monell liability; (5) violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the EPA; and (6) declaratory relief.

On November 10, 2015, the Court granted Defendants' respective motions to dismiss, with leave to amend as to Plaintiff's claims for discrimination and retaliation under Title VII as to EBMUD only.  The Court dismissed Plaintiff's other claims without leave to amend.  With regard to the dismissal of the EPA claim, the Court explained that leave to amend was unnecessary because Plaintiff's grievance was predicated upon her alleged misclassification, as opposed to gender-based pay disparities.

On December 1, 2015, Plaintiff, now represented by counsel, filed a SAC, which alleges two claims under Title VII for gender discrimination and retaliation.  Plaintiff's gender discrimination claim is based on two incidents.  The first incident is based on her initial misclassification in 2005 when she was hired.  The second incident occurred in or about 2013, when EBMUD refused her request to be reclassified as a supervisor.  Her retaliation claim is based, inter alia, on EBMUD's purported failure to reclassify her or investigate her complaints of discrimination, placing her in a sick leave verification program, and giving her a written warning.  In response, EBMUD contends that these claims are subject to dismissal for failure to exhaust administrative remedies.  EBMUD further contends that the SAC fails to allege facts sufficient to state cognizable claims under Title VII.  The motion is fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'"  Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570 (2007)).

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).

## III. DISCUSSION

### A. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Timely exhaustion of administrative remedies is a statutory prerequisite to filing suit under Title VII. See Sommatino v. United States, 255 F.3d 704, 707-708 (9th Cir. 2001). To timely exhaust administrative remedies, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days from the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days of the last discriminatory act, or within 30 days of receiving notice that the state or local agency has terminated proceedings, whichever is earlier.  42 U.S.C. § 2000e-5(e).  Furthermore, a plaintiff seeking to file a complaint in federal court under Title VII must do so within ninety days of receiving the EEOC's right to sue letter.  42 U.S.C. § 2000e-16(c).  "A claim is time barred if it is not filed within [this] limit."  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).

EBMUD contends that to the extent that Plaintiff's discrimination claim is premised on her misclassification in 2005, it is time-barred because she waited until 2014 and 2015 to file gender discrimination complaints with the EEOC and the California Department of

Fair Employment and Housing.  Def.'s Mot. at 6 (citing SAC ¶ 13).[2]  In response, Plaintiff asserts that she had no knowledge at the time she was hired that her job classification "had anything to do with gender or equal pay," and that it was not until shortly before December 2013 that she learned that another male Foreman had recently been classified as a supervisor.   Pl.'s Opp'n at 8-9.  The Ninth Circuit rejected a virtually identical argument in Lukovsky v. City & County of San Francisco, 535 F.3d 1044 (9th Cir. 2008).

In Lukovsky, job applicants brought race and national origin discrimination claims under 42 U.S.C. §§ 1981 and 1983, based on preferential hiring treatment given to Asians and Filipinos.  The plaintiffs argued that their claims did not accrue until they knew both that they were not being hired and of the defendants' alleged discriminatory intent.  In particular, plaintiffs claimed that they had no reason to know of the legal injury until informed years later by a city employee that allegedly unqualified Asians and Filipinos had been hired.  Id. at 1048.  The Court rejected plaintiff's claim of delayed discovery, holding that a federal discrimination claim "accrues upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong."  Id. at 1049.  In reaching its decision, the Court explained that Plaintiff's reliance on the "discovery rule" was misplaced because "this rule is already incorporated into federal accrual law."  Id.  Thus, with respect to the plaintiffs, the court concluded that their claim accrued when they received notice they would not be hired (or should have realized they had not been hired) for the position—even if they "did not know of the legal injury, i.e., that there was an allegedly discriminatory motive underlying the failure to hire."  Id. at 1051.  Applying that reasoning here, the Court finds that Plaintiff's purported lack of awareness in 2005 that she was misclassified compared to her male counterparts does not delay the accrual of her discrimination claim.  Id.  Accordingly, Plaintiff's gender discrimination claim is dismissed insofar as it is based on any alleged misconduct occurring at the time she was hired in 2005.

---

[2] EBMUD does not challenge Plaintiff's gender discrimination claim on failure to exhaust grounds insofar as it based on EBMUD's conduct in 2013 and 2014.

### B. GENDER DISCRIMINATION

Title VII prohibits gender discrimination in the workplace. 42 U.S.C. § 2000e-2(a)(1). To state a discrimination claim, the plaintiff must allege facts sufficient to demonstrate that his protected status was the sole reason or "motivating factor" for the defendant's adverse employment action. See Desert Palace, Inc. v. Costa, 539 U.S. 90, 101-102 (2003). A plaintiff may prove unlawful discrimination by producing "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer." Metoyer v. Chassman, 504 F.3d 919, 930 (9th Cir. 2007). Where direct evidence of discrimination is not available, a plaintiff may rely on the familiar burden shifting framework to prove discrimination set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Surrell v. California Water Service Co., 518 F.3d 1097, 1105 (9th Cir. 2008). Under the McDonnell Douglas test, a plaintiff may establish a prima facie case of discrimination by showing that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly-situated individuals outside the protected class were treated more favorably. See, e.g., Id. at 1105-1106.

EBMUD contends that the SAC fails to allege facts demonstrating that her gender was the sole reason or the motivating factor in its decision not to reclassify her as a supervisor. Def.'s Mot. at 2, 4-5. However, Plaintiff may survive a motion to dismiss by alleging facts to establish a prima facie case of discrimination under the McDonnell Douglas framework. See Sheppard v. David Evans and Assoc., 694 F.3d 1045, 1050 (9th Cir. 2012).[3] In Sheppard, the Ninth Circuit reversed the district court's dismissal of the amended complaint, finding that the "two-and-one-half page complaint, while brief, nonetheless satisfied Rule 8(a)(2)'s pleading standard" and sufficiently "allege[d] a plausible claim of age discrimination based on circumstantial evidence of discrimination."

---

[3] Although a plaintiff bringing a Title VII is *not* required to plead a prima facie case of discrimination, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002), he *may* do so, Sheppard, 694 F.3d at 1050.

Id. at 1049.  The amended complaint alleged that: "(1) [plaintiff] was at least forty years old; (2) 'her performance was satisfactory or better' and that 'she received consistently good performance reviews'; (3) she was discharged; and (4) her five younger comparators kept their jobs."  Id. at 1050.  In this case, Plaintiff alleges that she is a member of a protected class; that she satisfactorily performed her job duties; her request to be reclassified as a supervisor and moved to a supervisor's union was rejected; and that similarly-situated male employee were provided with supervisory pay and transferred to the supervisor's union.  SAC ¶¶ 8-11.  In view of these allegations, the Court finds that Plaintiff has sufficiently alleged a claim for gender discrimination under Title VII.  See Sheppard, 694 F.3d at 1050.

### C.   RETALIATION

Title VII prohibits retaliation against a person who has exercised his rights under the Act by claiming discrimination or seeking to enforce the Act's provisions.  42 U.S.C. § 2000e-3(a).  "The elements of a prima facie retaliation claim are, (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action."  Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008).  EBMUD challenges the sufficiency of Plaintiff's allegations as to the first and third elements.[4]

---

[4] EBMUD does not specifically challenge Plaintiff's allegations of adverse employment action, but in passing seems to suggest that EBMUD's refusal to investigate her complaints "about her job classification" does not constitute an adverse employment action.  Although the Ninth Circuit defines adverse employment actions broadly, it would be illogical to find that the protected activity and adverse employment action are one in the same.  Nonetheless, because EBMUD's motion does not address this issue specifically or provide any supporting decisional authority, the Court assumes, without deciding, that for purposes of the instant motion, Plaintiff has sufficiently alleged adverse employment actions.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief.").

### 1. Protected Activity

Title VII's anti-retaliation provision defines protected activity as either (1) opposing any practice made an unlawful employment practice by Title VII or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a). EBMUD complains that the pleadings fail to specifically identify the protected activity at issue. This contention lacks merit. The pleadings allege that EBMUD retaliated against her for complaining about discriminatory practices, including the failure to pay similarly-situated men and women equally. SAC ¶¶ 9-11. Complaining about discriminatory work practices constitutes protected activity for purposes of a retaliation claim. See Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 506 (9th Cir. 2000) (holding that informal complaints of discriminatory conduct to a supervisor qualified as protected activity). The Court finds that Plaintiff has sufficiently alleged facts to demonstrate that she engaged in protected activity for purposes of a Title VII retaliation claim.

### 2. Causal Connection

"Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Texas Southwestern Med. Ctr. v. Nassar, — U.S. — , —, 133 S.Ct. 2517, 2528 (2013). A causal connection is established with evidence from which a fact finder could "reasonably infer" that the adverse action was in response to the protected activity. Kimbro v. Atlantic Richfield Co., 889 F.2d 869, 881 (9th Cir. 1989). Because it is often difficult for plaintiffs to adduce direct evidence of retaliation, causation may be "inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987).

The SAC is devoid of facts from which a factfinder could reasonably infer that the adverse actions alleged by Plaintiff were taken by EBMUD in response to Plaintiff's protected activity. Though EBMUD allegedly retaliated against Plaintiff "after" she

complained to the Board and to Superintendent Lam, see SAC ¶¶ 18-19, the pleadings do not allege when EBMUD took such action in relation to its awareness of Plaintiff's complaints, see Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'").  In the absence of such facts, the Court finds that Plaintiff's allegations are insufficient to establish a causal connection between her protected activity and the adverse employment action.

### D.    LEAVE TO AMEND

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).  As set forth above, Plaintiff has again failed to adequately allege a claim for retaliation.  The Court notes, however, that Plaintiff filed her FAC while pro se, and that the SAC is Plaintiff's newly-retained counsel's first opportunity to draft and submit pleadings in this action.  Given the representational history of this case, coupled with the presumption in favor of allowing leave to amend, the Court will allow Plaintiff a further opportunity to amend her retaliation claim.

The Court also grants Plaintiff leave to allege a claim under the EPA.  "To establish a prima facie case of wage discrimination [under the EPA], a plaintiff must show that the employer pays different wages to employees of the opposite sex for substantially equal work."  E.E.O.C. v. Maricopa Cnty. Cmty. Coll. Dist., 736 F.2d 510, 513 (9th Cir. 1984); 29 U.S.C. § 216(d).  The Court previously dismissed Plaintiff's EPA claim without leave to amend based on the fact that Plaintiff had given no indication in her pleadings or motion papers that she was asserting any claims based on pay disparities between men and women performing substantially the same work.  In her SAC and opposition to EBMUD's motion to dismiss, however, Plaintiff now alleges that similarly-situated male Foremen were

permitted to be classified as supervisors.  As a result, Plaintiff alleges that she did not receive equal pay as compared to her male counterparts.  SAC ¶¶ 10, 12, 14, 17, 18, 27, 28.  In view of this clarification by her counsel, the Court finds that Plaintiff should be afforded the opportunity to plead a claim under the EPA.

IV.   **CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT EBMUD's motion to dismiss is GRANTED IN PART and DENIED IN PART.  Plaintiff's discrimination claim is dismissed without leave to amend insofar as it is based on conduct occurring in 2005.  Plaintiff's claim for retaliation is dismissed with leave to amend.  Plaintiff is granted leave to amend to state a claim under the EPA.  Plaintiff shall file her Third Amended Complaint within fourteen (14) days of the date this Order is filed.  Should Plaintiff fail to timely amend the pleadings as set forth above, the Court will dismiss her Title VII retaliation claim with prejudice and will deem her opportunity to allege an amended EPA claim as having been waived.  Plaintiff should be aware that any pleading filed in this Court is subject to Federal Rule of Civil Procedure 11, and as such, she may amend only to the extent that she has a good faith basis for doing so.

IT IS SO ORDERED.

Dated:  2/1/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge